**STATE of Iowa, Appellee,**

v.

**Jacqueline Marie RUSSIAN, Appellant.**

**No. 88–1327.**

Supreme Court of Iowa.

June 14, 1989.

William L. Wegman, State Public Defender, and Raymond E. Rogers, Asst. State Public Defender, for appellant.

Thomas J. Miller, Atty. Gen., Amy M. Anderson, Asst. Atty. Gen., James Smith, County Atty., and Odell McGhee, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

Defendant, Jacqueline Marie Russian, appeals the sentence given her after she pleaded guilty of possession of heroin with intent to deliver, in violation of Iowa Code section 204.401(1)(a)(1987). She asserts the district court failed to exercise its discretion under section 901.10 to sentence her to a term less than the mandatory minimum provided by section 204.413 for drug convictions. We affirm.

On July 8, 1988, pursuant to a plea agreement, Russian pleaded guilty to four charges: theft in the second degree, failure to appear, carrying weapons, and possession of heroin with intent to deliver. The State agreed not to prosecute a charge of possession of cocaine with intent to deliver, and also agreed not to seek a habitual offender sentence. In accordance with the plea agreement, Russian was sentenced to a maximum of five years' imprisonment for the theft, five years' imprisonment for the failure to appear, two years' imprisonment for carrying weapons, and ten years' imprisonment for possessing heroin. The district court ordered the first three sentences to be run concurrently and the heroin sentence to be run consecutively. The court did not invoke, nor even mention, section 901.10.

On appeal, Russian contends the court's failure to give its reasons for not utilizing section 901.10 to reduce her sentence con-

stituted a failure to exercise its discretion. She asserts she is entitled to resentencing on the heroin conviction.

We are not persuaded either section 901.-10 or Iowa Rule of Criminal Procedure 22(3)(d) requires a sentencing court to give its reasons for rejecting particular sentencing options. The court need only explain its reasons for selecting the sentence imposed. *See State v. Powell*, 400 N.W.2d 562, 565–66 (Iowa 1987); *State v. Victor*, 310 N.W.2d 201, 205–06 (Iowa 1981).

If the sentencing court chooses, pursuant to section 901.10, to sentence the defendant to a term less than provided by statute, mitigating circumstances must exist and those circumstances must be stated specifically in the record. Iowa Code § 901.10. Clearly this does not require the court to note the absence of mitigating circumstances every time it declines to apply section 901.10.

Iowa Rule of Criminal Procedure 22(3)(d) provides that: "The court shall state on the record its reason for selecting the particular sentence." In this case, the court stated:

Granting of probation in any of these cases is denied since it is unwarranted in order to protect the public from further criminal activity by the defendant and since the defendant is in need of correctional treatment which can most effectively be provided by total confinement and would unduly deprecate the seriousness of the offense.

Consecutive sentence is justified in these cases because of defendant's absolute and utter disregard for the law from the time defendant turned 18 in 1968. She has possibly seven or eight prior felonies, parole revocations and a poor incarceration record.

This statement amply demonstrates the district court exercised its discretion when sentencing Russian. Russian's assertion to the contrary is without merit.

AFFIRMED.