# IN THE COURT OF APPEALS OF IOWA

No. 15-1094
Filed October 26, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**CHARLES LEE SCHRAGE,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Butler County, Peter B. Newell, District Associate Judge.

A defendant appeals his convictions and sentences for possession of controlled substances. **AFFIRMED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., Tabor, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**TABOR, Judge.**

Charles Schrage contends the State failed to prove he had actual or constructive possession of methamphetamine and marijuana found under a riding lawn mower being repaired by his brother Dennis Schrage. Charles also argues the district court failed to give adequate reasons for his prison sentence.

Viewing the evidence in the light most favorable to the State, we find substantial evidence supporting the jury's guilty verdicts. On the sentencing issue, we find the district court articulated succinct, yet sufficient, reasons for selecting its particular sentence in compliance with Iowa Rule of Criminal Procedure 2.23(3)(d). Accordingly, we affirm.

### I. Facts and Prior Proceedings

Two Waterloo police investigators and the Parkersburg police chief converged on the Schrage residence one afternoon in late May 2013 to execute an arrest warrant for Dennis. The local police chief arrived first and saw Charles standing in the driveway facing him. As the chief approached, Charles started to walk away. The chief ordered Charles to show his hands and repeated, "Charlie, Charlie, stop." But Charles kept walking toward his brother, Dennis, who was kneeling near a riding lawnmower in the yard.

When Charles reached his brother, Investigator Brice Lippert saw him "reach over to Dennis Schrage with his left hand, and then . . . saw Dennis Schrage cup something and then take it and put it underneath the deck of the riding lawn mower." Lippert recalled the hand-off was one motion and took just a matter of seconds: "[A]s soon as he got it, just took it; went right underneath the deck." Lippert could not see what Charles handed to Dennis.

The officers then seized both Dennis and Charles. The police chief looked under the mower and found a brass pipe; a prescription bottle containing marijuana; and a small silver container, about the size of a tube of lip balm, containing methamphetamine. The items looked clean, as if they had not been on the ground for long. Charles said "he was giving Dennis his phone and that's what [Lippert] witnessed." Charles's explanation did not make sense to the investigators because Charles had his cell phone on his belt, and Dennis had his cell phone in his shirt pocket. In letters from prison, Dennis told his brother he would take the blame for all of the items found under the mower and "you had my phone that you handed me, is a lot better story."

The State charged Charles with possession of methamphetamine, third offense, a class "D" felony, in violation of Iowa Code section 124.401(5) (2013), and possession of marijuana, second offense, an aggravated misdemeanor, in violation of section 124.401(5). The State presented its case to a jury in April 2015. The three officers testified, as did Dennis Schrage. Dennis, who was not scheduled to be released from prison until 2054, testified the controlled substances under the mower belonged to him. Dennis said he was "greasy up to [his] elbows" from working on the mower, and Charles was just handing Dennis's phone back to him when investigators approached the scene. The jury deliberated for twenty-eight minutes before returning guilty verdicts.

At the sentencing hearing, Charles told the court he went to his brother's house to grill and help put a belt on the lawn mower: "[T]here was drugs found underneath the lawn mower. I was not seen carrying or had on me." The court responded: "[T]he jury didn't agree with you, and I think the evidence is contrary

to what you've stated here in court. I think you have been pretty consistent in not accepting responsibility for your actions in these matters." The court rejected a recommendation in the presentence investigation report for suspended sentences and imposed indeterminate prison terms of five years and two years to run concurrently. Charles appeals his convictions and sentences.

## II. Scope and Standards of Review

We review challenges to the sufficiency of the evidence for legal error. *See* Iowa R. App. P. 6.907; *see also State v. Rohm*, 609 N.W.2d 504, 509 (Iowa 2000). If the jury's verdict is supported by substantial evidence, we uphold it. *See Rohm*, 609 N.W.2d at 509. The word "substantial" describes evidence from which a reasonable fact finder could determine a defendant's guilt beyond a reasonable doubt. *Id.* We review the facts in the light most favorable to the verdict and consider not only evidence bolstering the verdict, "but all reasonable inferences which could be derived from the evidence." *See id.*

We likewise review the imposition of sentence for correction of legal error. *See State v. Hennings*, 791 N.W.2d 828, 833 (Iowa 2010). We will reverse the district court only if we find an abuse of discretion or some defect in the sentencing procedure. *See id.* Our rules of criminal procedure require the sentencing court to state on the record its reason for a particular sentence. *See* Iowa R. Crim. P. 2.23(3)(d). The rule does not require detailed reasons for the sentence imposed, but the court must provide "at least a cursory explanation" to allow appellate review of its discretionary action. *See State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010).

### III.   Analysis

### A. Substantial Evidence

The State was required to prove beyond a reasonable doubt that Charles knowingly or intentionally possessed marijuana and methamphetamine and knew the substances he possessed were marijuana and methamphetamine.  On appeal, he contends the State failed to show that he had "actual or constructive possession of the illegal substances."

Possession means the exercise of dominion and control over contraband. *State v. Kern*, 831 N.W.2d 149, 160 (Iowa 2013).  To obtain a conviction, the State may show the defendant had either actual or constructive possession of the items.  *Id.* at 160–61.  Actual possession requires locating the contraband on the defendant's person or substantial evidence allowing the fact finder to conclude the defendant had the contraband on his person at one time.  *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014).  The State can show actual possession by direct or circumstantial evidence.  *State v. Vance*, 790 N.W.2d 775, 784 (Iowa 2010).

Constructive possession allows a fact finder to infer the defendant's possession of the contraband from its location or other circumstances.  *Thomas*, 847 N.W.2d at 443.  When officers find drugs in a location not under the exclusive control of the defendant, the State must offer additional evidence to establish possession.  *Id.*  The additional proof can include incriminating statements or actions by the accused, fingerprints on the drug packaging, and any other circumstances linking the accused to the drugs.  *See State v. Cashen*, 666 N.W.2d 566, 571 (Iowa 2003).

Charles complains the jury failed to follow its instructions regarding possession because Dennis took sole responsibility for knowing the drugs were under the mower, Investigator Lippert could not positively identify what was transferred between Charles and Dennis, and "no fingerprinting was conducted" on the containers holding the illegal substances.

The State argues strong circumstantial evidence showed Charles actually possessed the drugs before handing them to his brother. We agree. *See Thomas*, 847 N.W.2d at 444, 447 (upholding possession conviction where drugs were found in close proximity to the defendant; defendant had taken actions most logically explained by his efforts to "get the drugs off his person; and when apprehended, the defendant made false statements and engaged in misdirection"). Initially, we find it significant Charles ignored the commands of the police chief and made a beeline to his brother's location. *See State v. Dewitt*, 811 N.W.2d 460, 476 (Iowa 2012) (pointing to conduct consistent with guilt when Dewitt tried to "break away and flee" as police approached). Next, Charles and Dennis have both admitted making a hand-to-hand exchange. Although Lippert did not see what items were exchanged, the Schrages' explanation that they were passing a cell phone "did not make sense." Lippert testified to seeing one motion of Dennis receiving something from Charles and stashing what he received under the mower's deck. And both of the brothers' cell phones remained in their possession. The jury was free to discount Dennis's testimony regarding the exchange of *his* cell phone, especially given the contents of his letter to Charles, suggesting they revise their story, and the fact Dennis was already serving a long prison term and would have little to lose in taking the

blame for drugs possessed by his brother. *See State v. Blair*, 347 N.W.2d 416, 420 (Iowa 1984) (describing function of the jury as "plac[ing] credibility where it belongs").

Similar to *Thomas*, the most logical explanation for what the investigators saw was that Charles was motivated to get rid of the drugs upon seeing law enforcement, passed them to his brother, and his brother placed them under the mower where the investigators soon discovered them. *See* 847 N.W.2d at 444. On this record, we decline to disturb the jury's guilty verdicts.

## B. Sentencing Reasons

On appeal, Charles contends the sentencing judge did not give adequate reasons for ordering incarceration. The district court offered Charles the following rationale for declining to suspend his sentences:

> [Y]ou have been to prison three times. You're facing a felony offense here . . . . I think that the State's recommendation for incarceration is appropriate. And again, you have not accepted responsibility for what you did. You have a lengthy criminal history. You have been unsuccessful on probation in the past. I think that a prison sentence is merited.

The question is whether the succinct nature of the court's statement of reasons handicaps our review of its sentencing discretion. We conclude the court's reasons were sufficient to explain its motivation for imposing incarceration. *See State v. Carberry*, 501 N.W.2d 473, 478 (Iowa 1993) (upholding sentences despite "extremely terse" statement by the court); *see also State v. Victor*, 310 N.W.2d 201, 205 (Iowa 1981) (finding it clear from court's brief statement what prompted the sentence). A sentencing court is not required to specifically mention all potentially mitigating circumstances. *See State v.*

*Russian*, 441 N.W.2d 374, 375 (Iowa 1989).  We find no abuse of discretion in the sentencing court's compliance with rule 2.23(3)(d).

**AFFIRMED.**