# IN THE SUPREME COURT OF IOWA

No. 18–1877

Filed December 13, 2019

**STATE OF IOWA,**

Appellee,

vs.

**DAIRRAMEY MOORE,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Clinton County, Mary Howes, Judge.

Defendant seeks further review of court of appeals decision affirming his conviction and sentence. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT CONVICTION AFFIRMED, SENTENCE VACATED, AND CASE REMANDED FOR RESENTENCING.**

Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, Mike Wolf, County Attorney, and Amanda Myers, Assistant County Attorney, for appellee.

**WATERMAN, Justice.**

When a sentencing court indicates it lacks "wiggle room" regarding whether to reduce a five-year minimum prison sentence, should we conclude that the court did not understand it had discretion to do so and thus failed to exercise its discretion? We reach that conclusion on this record and remand for resentencing.

## I. Background Facts and Proceedings.

A jury could find these facts from the trial testimony. Dairramey Moore and a companion went to a home in Clinton to collect beer money owed them by an occupant. The home was equipped with surveillance cameras, and a witness placed Moore on the east side of the house. Shots rang out, and Moore was shown on video running away with his right hand in his pocket. The physical evidence showed shots had been fired from the east side into the home and from inside the house out towards that side. Moore was charged with (1) intimidation with a dangerous weapon, (2) going armed with intent, and (3) reckless use of a firearm. A jury found Moore guilty of the first and third counts.

At the sentencing hearing, the State requested a sentence of incarceration up to ten years on count one (intimidation with a dangerous weapon). The State noted that count one is a forcible felony with incarceration required under Iowa Code section 907.3 (2018) and that section 902.7 imposed a minimum sentence of five years. The State noted, "[T]he Defendant stood outside of a residence in a neighborhood and shot inside of the house where people were present, so the State certainly feels that incarceration would be appropriate." The court then elicited defense counsel's response, as follows:

> THE COURT: Mr. Kroeger, what would you like to say on Mr. Moore's behalf?

> MR. KROEGER: Well, we don't have too much wiggle room here.
>
> THE COURT: I'm sorry, what?
>
> MR. KROEGER: We don't have too much wiggle room here.
>
> THE COURT: No.

Neither the State nor defense counsel cited another applicable statute, Iowa Code section 901.10(1), which provides,

> A court sentencing a person for the person's first conviction under section . . . 902.7 may, at its discretion, sentence the person to a term less than provided by the statute if mitigating circumstances exist and those circumstances are stated specifically in the record.

This was Moore's first such conviction. Defense counsel, however, noted on the record that Moore "is a veteran, and he did serve in . . . a battlefield situation" and "has PTSD, anxiety, depression, [a] traumatic brain injury, [and] he's on some pretty heavy medications."

The court sentenced Moore to a term of incarceration of up to ten years with a mandatory minimum of five years on count one and a sentence of up to two years on count three, to be served concurrently. The court gave this explanation for its sentence:

> I've reviewed the presentence investigation report, and as I mentioned, you were found guilty of these counts by a trial by jury. And the law, as the attorneys commented, requires incarceration because it's a forcible felony under the code section done by the legislature.
>
> And, also, there is a reason for that, which is it was a dangerous situation, and so the safety of the community in a dangerous situation would also warrant incarceration.
>
> So under Count I, under [section] 708.6, intimidation with a dangerous weapon with intent, a Class C felony, the Court sentences you to an indetermin[ate] term of ten years . . . .
>
> . . . And based on a weapon being used, under [section] 902.7, the Court sentences you to a mandatory minimum of five years before you're eligible for parole or discharge.

The court never mentioned section 901.10(1) or gave any indication that it was aware it had discretion to reduce section 902.7's five-year minimum term. The court ordered Moore to pay attorney fees, court costs, and correctional fees as restitution without determining his reasonable ability to pay.

Moore appealed, arguing (1) the evidence was insufficient to support his convictions, (2) the court failed to exercise its discretion in imposing his sentence, and (3) the court erred in ordering him to pay attorney fees, court costs, and jail fees without first determining his reasonable ability to pay the same. We transferred his case to the court of appeals, which affirmed his convictions as supported by sufficient evidence. The court of appeals also affirmed Moore's prison sentence, presuming the court exercised its discretion and viewing the "don't have much wiggle room" commentary as simply a recognition that incarceration was required because a suspended sentence was not permitted. Finally, applying *State v. Albright*, 925 N.W.2d 144, 161 (Iowa 2019), the court of appeals vacated the restitution order and remanded the case for a determination of Moore's reasonable ability to pay after receipt of a final restitution plan. We granted Moore's application for further review.

## II. Standard of Review.

"On further review, we can review any or all of the issues raised on appeal . . . ." *Cote v. Derby Ins. Agency, Inc.*, 908 N.W.2d 861, 864 (Iowa 2018) (alteration in original) (quoting *Papillon v. Jones*, 892 N.W.2d 763, 769 (Iowa 2017)). We choose to limit our review to the claim that the district court failed to exercise its discretion in imposing the prison sentence. We let the court of appeals decision stand as the final decision on the remaining issues. *See id.*

"We review the district court's sentence for an abuse of discretion." *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016) (quoting *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010)). An abuse of discretion occurs when the district court exercises its discretion on grounds that are "clearly untenable or to an extent clearly unreasonable." *Id.* The court's "ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *Id.* (quoting *State v. Putman*, 848 N.W.2d 1, 7 (Iowa 2014)). A district court must exercise its discretion when a sentence is not mandatory. *Id.*

### III.  Analysis.

We granted further review to determine whether the district court failed to exercise its discretion under Iowa Code section 901.10(1). That statute expressly provides the district court with discretion to reduce section 902.7's five-year minimum sentence for intimidation with a deadly weapon, first offense, when the record shows mitigating circumstances. Section 901.10 applies because this was Moore's first conviction under section 902.7 and the record showed mitigating circumstances: his combat-related PTSD and other mental health issues. Yet section 901.10(1) went unmentioned in the sentencing hearing and is not cited in the sentencing order. The district court did not say or write anything noting its discretion to reduce the minimum five-year term. To the contrary, the court expressly agreed with counsel's statement that "we don't have too much wiggle room." The court imposed the ten-year indeterminate sentence with the full five-year minimum term without discussing any mitigating circumstances. Moore argues the sentencing court failed to exercise its discretion. We agree.

Two precedents are relevant here—*State v. Russian*, 441 N.W.2d 374 (Iowa 1989), and *State v. Ayers*, 590 N.W.2d 25 (Iowa 1999). In *Russian*,

we affirmed the sentence, holding that a sentencing court is not "require[d] to note the absence of mitigating circumstances every time it declines to apply section 901.10." 441 N.W.2d at 375. In *Ayers*, though, we reversed and remanded, noting that "the record here is clear the sentencing court incorrectly believed it had no discretion as to the five-year mandatory minimum sentence requirement in section 902.7." 590 N.W.2d at 29, 33.

Based on our review of this record, we conclude this is an *Ayers*-type case. We determine that the district court was unaware that it had discretion under section 901.10 to reduce section 902.7's five-year minimum term. The district court failed to exercise its discretion. Accordingly, we vacate Moore's sentence and remand for resentencing.

**IV. Disposition.**

For these reasons, we vacate Moore's sentence and remand for resentencing consistent with this opinion. The court of appeals decision stands as the final decision on the remaining issues.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT CONVICTION AFFIRMED, SENTENCE VACATED, AND CASE REMANDED FOR RESENTENCING.**