# IN THE COURT OF APPEALS OF IOWA

No. 18-2063
Filed January 23, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TYREE JERMAINE MILLSAP,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Madison County, Thomas P. Murphy (guilty plea) and Martha L. Mertz (sentencing), Judges.

        Tyree Millsap appeals the sentence imposed following his conviction and sentence for two counts of child endangerment resulting in bodily injury. **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, (until withdrawal) and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**AHLERS, Judge.**

Tyree Millsap punched and choked five-year-old and seven-year-old children that he was babysitting, resulting in the children being taken to the hospital for injuries to their heads, faces, necks, ears, jaws, lower backs, and buttocks. Millsap also removed a monitoring bracelet and absconded from supervised release while awaiting sentencing. Millsap asks us to vacate the prison sentence he received as a result of his actions. We decline to do so.

Millsap appeals the sentence imposed following his conviction and sentence for two counts of child endangerment resulting in bodily injury in violation of Iowa Code sections 726.6(1)(b) and 726.6(3) (2018). Although Millsap frames the appealed issue in his routing statement as "[s]hould the sentencing court be required to explain how a sentence of incarceration is better suited to . . . achieving the legislatively[-]mandated objectives announced in Iowa Code [sections] 901.5 and 907.5 than a suspended sentence and formal probation," Millsap's argument is really an argument that the district court abused its discretion by failing to provide adequate reasons for imposing a sentence of incarceration.

We review sentencing decisions for correction of errors at law. *State v. Letscher*, 888 N.W.2d 880, 883 (Iowa 2016). "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). An abuse of discretion occurs "[w]hen the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014).

Millsap argues the district court abused its discretion by not adequately explaining how sentencing him to a term of incarceration furthers "the court's announced purposes of rehabilitation, the protection of society and deterrence" better than formal probation would. His argument is unpersuasive, as it does not distinguish a rule of criminal procedure and a long line of cases that contradict his position. The district court is required to "state on the record its reason for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(d). However, the court is only required to justify the sentence imposed—not explain why it rejected alternative sentences. *See State v. Vanover*, 559 N.W.2d 618, 635 (Iowa 1997); *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996); *State v. Loyd*, 530 N.W.2d 708, 713–14 (Iowa 1995); *State v. Russian*, 441 N.W.2d 374, 375 (Iowa 1989); *State v. Pledge*, No. 16-0823, 2016 WL 6637774, at *2 n.2 (Iowa Ct. App. Nov. 9, 2016); *State v. May*, No. 13-2006, 2014 WL 3939944, at *2 (Iowa Ct. App. Aug. 13, 2014); *State v. Tolbert*, Nos. 0-483, 99-1490, 2000 WL 1298746, at *2 (Iowa Ct. App. Aug. 30, 2000). Here, the district court adequately explained why it imposed a term of incarceration:

> The Court has imposed a prison term based on all of the circumstances of this case, including, but not limited to, the harm towards the victims. This was a bad situation, and the defendant hurt these children a lot. I don't know how else to say it. The injuries were not only unattractive, but severe.
>
> In addition, after the defendant's plea of guilty was accepted by the Court, the defendant, while on pretrial release, which was his opportunity to prove to the Court that he could comply with the rules and conditions imposed by probation, removed his ankle bracelet and absconded.
>
> So far Mr. Millsap has not done anything that would compel the Court to grant him a suspended sentence. To the contrary, he's engaged in conduct that would compel most judges to send him to prison. I don't know if that's intentional, unintentional, or the product of his environment.

At this point it matters little the source or the cause of it. It has to be corrected. And so far your ability to comply with the rules, Mr. Millsap, appears to be pretty close to zero. So the Court is hopeful that the institution will have programs that will assist you in that regard. Apparently, we were unable to do that out here, and the Court determines that the parole board then will be in the best position to determine if and when Mr. Millsap can be released before the five-year sentence is served.

. . . .

. . . [T]he Court's considered the nature of the offenses, the circumstances of the defendant, his lack of prior criminal record, and the Court believes the period of incarceration of five years will give him the opportunity to get programming that will help him in the future, but will not be so long as to cause him to reoffend when released.

Since the district court adequately explained the reasons for the sentence imposed and did not consider any impermissible factors, we conclude the district court did not abuse its discretion by imposing two five-year terms of incarceration to be served concurrently.

**AFFIRMED.**