# IN THE COURT OF APPEALS OF IOWA

No. 19-1308
Filed September 23, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**FLOYD DAVON TAYLOR JR.,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Linn County, Ian K. Thornhill, Judge.

Floyd Taylor challenges the revocation of his deferred judgment. **AFFIRMED.**

David R. Fiester, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

After entering a guilty plea to felony eluding in 2015, Floyd Taylor received a deferred judgment. In 2019, the trial court found that Taylor had violated the terms of his probation. The court revoked the previously granted deferred judgment, imposed sentence, and suspended the term of incarceration. Taylor appeals, contesting his sentence and arguing the trial court failed to consider certain mitigating factors in revoking his deferred judgment. Because we find the trial court sufficiently demonstrated its consideration and exercise of discretion when it revoked Taylor's deferred judgment, we affirm.

### I.    Jurisdiction

As a preliminary matter, the State contends that jurisdiction is lacking to hear Taylor's claim on direct appeal. Amendments to Iowa Code section 814.6, which became effective on July 1, 2019, require a defendant to show "good cause" for a direct appeal from a judgment imposed on a conviction after a guilty plea. Iowa Code § 814.6(1)(a)(3) (2019); *State v. Macke*, 933 N.W.2d 226, 231 (Iowa 2019). On August 2, 2019, final judgment was entered on Taylor's deferred judgment making the amendments to section 814.6 applicable to his appeal.[1]

Taylor bears the burden of establishing good cause on his appeal from a conviction based on a guilty plea. Iowa Code § 814.6(1)(a)(3); *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020). In *Damme*, our supreme court held "good cause

---

[1] As a general rule, a revocation of probation must be challenged through postconviction-relief proceedings. However, where, as here, revocation of probation results from a deferred judgment and sentence is imposed the order "inheres in the subsequent judgment" and is an appealable final judgment. *See State v. Farmer*, 234 N.W.2d 89, 91 (Iowa 1975).

exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." 944 N.W.2d at 105. Taylor does not contest his guilty plea. He argues that the trial court abused its discretion by failing to consider certain mitigating factors when it imposed sentence after revocation of the deferred judgment. Consequently, Taylor has demonstrated good cause for his appeal, and we may consider it. *See id.*

## II. Background & Proceedings

In 2015, Taylor pled guilty to the offense of eluding or attempting to elude a pursuing law enforcement vehicle in violation of Iowa Code section 321.279(3) (2014), a class D felony.[2] He received a deferred judgment and was placed on probation for a period of three years.[3]

In 2016, Taylor's probation officer reported Taylor had violated the terms of his probation multiple times, and the State moved to revoke Taylor's deferred judgment.[4] A plea agreement was reached to avoid revocation of his deferred judgment. Taylor acknowledged he was in violation of his probation and consented to a contempt finding with an applicable sentence of sixty days in jail. Under the plea agreement, Taylor's sentence would be partially purged if Taylor completed substance-abuse treatment. However, Taylor failed to do so, and the sixty-day

---

[2] Taylor was also charged with operating while intoxicated and interference with official acts. At the time of the offenses, Taylor was a juvenile. The matter was waived from the juvenile court system to the district court pursuant to Iowa Code section 232.45.

[3] Taylor received the statutory minimum penalty on the operating-while-intoxicated charge and the charge of interference with official acts was dismissed.

[4] The alleged violations included arrests for alcohol and drug-related charges and failure to obtain a substance abuse evaluation.

sentence was imposed. In 2018, near the end of his three-year probationary period, Taylor agreed to extend his probation for one year.

In 2019, Taylor was arrested for an allegation of domestic abuse assault. Shortly after, Taylor's probation officer filed a probation-violation report, citing Taylor's recent arrest and alleging multiple other previous violations related to missed appointments, curfew, and drug testing. Based on the report, the State moved to revoke Taylor's deferred judgment. Taylor contested the allegation of domestic abuse but stipulated to the other alleged violations.

At the probation revocation hearing, Taylor's probation officer testified that Taylor continuously violated the terms of his probation and summarized the police report related to the alleged domestic abuse. The probation officer also testified she felt the most appropriate sanction for Taylor would be a finding of contempt, a ninety-day jail sentence, and discharge from probation. The county attorney disagreed with that recommendation and requested revocation of the deferred judgment.

The court revoked Taylor's deferred judgment, imposed the applicable sentence of an indeterminate five-year term of incarceration, suspended the sentence, and placed Taylor on probation for two years.

## III.    Discussion

On appeal, Taylor's sole argument is the trial court abused its discretion by failing to consider certain mitigating circumstances in revoking his deferred judgment.

We review sentencing decisions for the correction of errors at law. Iowa R. App. P. 6.907. "Sentencing decisions of the district court are cloaked with a strong

presumption in their favor." *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). We will uphold a revocation of probation and imposition of sentence unless there is "an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Laffey*, 600 N.W.2d 57, 62 (Iowa 1999) (citation omitted).

In applying its discretion, the trial court should "weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character[,] and propensities and chances of his reform." *Id.* (citation omitted). Iowa Code section 901.5 (2015) instructs the district court to determine which sentence "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Sentencing courts must consider any mitigating circumstances related to the defendant. *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998); *see also* Iowa Code § 901.3(1)(g) (describing use of presentence investigation (PSI) reports in sentencing). However, a court is not "required to specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

Taylor identifies his age and issues with substance abuse as mitigating factors the court failed to consider. Specifically, Taylor asserts, "the court gave several reasons for revoking Taylor's deferred [judgment], however none of those reasons directly addressed Taylor's substance abuse problem. The reasoning

focused more on non-compliance and failed to attempt to reach the root of the problem."

When revoking a deferred a judgment, the trial court must "demonstrate an exercise of discretion in using that power or give a reason for choosing among sentencing options." *See State v. Lillibridge*, 519 N.W.2d 82, 83 (Iowa 1994). The trial court is not required to explicitly state the mitigating factors it considered, rather "[t]he court need only explain its reasons for selecting the sentence imposed." *State v. Russian*, 441 N.W.2d 374, 375 (Iowa 1989); *see also Thomas*, 547 N.W.2d at 226 (finding no abuse of discretion where sentencing court "did not specifically mention the absence of mitigating circumstances" and was aware of its discretion but choose not to exercise it in reducing defendant's sentence). Finally, a sentencing court need not "elaborate on its reasons for rejecting alternative punishment." *See State v. Kirby*, 622 N.W.2d 506, 510 (Iowa 2001).

We may consider "the district court's statements on the record to glean the basis for the revocation." *Id.* The record reveals that the court considered Taylor's multiple probation violations, his prior finding of contempt, the original presentence report, his age, criminal history, and the recommendations of counsel and his probation officer. The court stated, "I don't think the Defendant should go to prison on this." Consideration of mitigating factors relevant to Taylor is evident in the trial court's decision to suspend Taylor's sentence and place him on probation and the intermediate sanction continuum under Iowa Code section 901B.1.[5] The court

---

[5] The intermediate criminal sanctions program is structured around the corrections continuum in Iowa Code section 901B.1. It consists of five levels, each with varying sanctions and services available. *See State v. Pickett*, 671 N.w.2d 866, 870 (Iowa 2003).

noted probation "could include correctional residential facility placement" and ordered Tayler to "follow his probation officer's directives, including any all evaluation and treatment recommendations."

The court also noted Taylor had already been given the opportunity to avoid the sentence imposed for his offense. He was placed on probation but failed to comply with its terms. He consented to a finding of contempt, avoiding revocation of his deferred judgment. His probation was extended. Taylor stipulated, and the court found, that he again violated the terms of his probation. The trial court weighed these considerations and determined that it "[did not] feel it's appropriate to reward someone's bad behavior by giving them the deferred judgment that they didn't earn." The trial court then suspended Taylor's sentence in order to "give him a little more chance here on probation to prove that he is motivated to obey the law."

The trial court sufficiently demonstrated its consideration and exercise of discretion when it revoked Taylor's deferred judgment. *See id.* at 511 (finding no abuse of discretion in revoking probation on deferred judgment and imposing sentence within statutory limit where "court was apparently convinced that another break for this defendant to allow him to stay out of prison was not warranted"). Because the court did not abuse its discretion, we affirm.

**AFFIRMED.**