**IN THE COURT OF APPEALS OF IOWA**

No. 20-1403
Filed June 30, 2021

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**MICHAEL JONATHAN PHELPS,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Polk County, Celene Gogerty, Judge.

　　A defendant appeals his indeterminate forty-four-year prison term. **AFFIRMED.**

　　Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

　　Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

　　Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**TABOR, Judge.**

Michael Phelps appeals his sentence—a mix of concurrent and consecutive terms not to exceed forty-four years—for sixteen counts of sexual exploitation of a minor. He alleges the district court abused its discretion by concentrating on the serious nature of his offenses at the expense of mitigating factors. Because the district court acted reasonably in balancing the protection of the community with Phelps's need for rehabilitation, we affirm the sentence.

## I. Facts and Prior Proceedings

Police received a "cybercrimes tip" that Phelps was uploading child pornography in an online chatroom. Acting on that tip, they obtained a search warrant for Phelps's residence and electronic devices. When officers arrived at his residence, Phelps confessed to possessing and transmitting child pornography. According to the minutes of evidence,

> [Phelps] gave the officers his login and password for his cloud storage, aka his "mega" account. Officers conducted a forensic evaluation of [Phelps's] electronic devices and online storage account. They were able to recover hundreds of movies and videos; thousands of pictures and images; and numerous folders labeled as "CP" (child pornography); all containing children engaged in prohibited sex acts.
>
> This examination showed that on seven separate occasions, [Phelps] distributed thousands of videos and images of child pornography to unknown individuals through his mega account. The examination also showed that on seven separate occasions, [he] transmitted images and videos containing child pornography to unknown individuals while chatting in an online forum. All of these events are separate and distinct, meaning [Phelps] has distributed and transmitted thousands of videos and images on fourteen different occasions. When [his] devices and online storage were seized by law enforcement, [he] was in possession of thousands of videos and images containing child pornography.

The State filed a trial information charging Phelps with sixteen counts of sexual exploitation of a minor: seven counts for distributing, seven counts for transmitting, and two counts for possessing child pornography. *See* Iowa Code § 728.12(2), (3) (2020). Phelps reached a plea bargain with the State, agreeing to plead guilty to all counts. Under the bargain, Phelps was free to argue for a deferred or suspended sentence.

At the plea hearing, Phelps admitted using "an app called SnapChat to find other people that were interested in the same types of images, and [he] would send those pictures to them and try [to] get some back in exchange." He described the images as "preteens or children engaging in sex acts either with an adult or with just themselves." Along with his SnapChat activity, Phelps admitted file-sharing pictures from a "MEGA account app." The court accepted his guilty pleas.

At sentencing, defense counsel sought a deferred judgment for his twenty-two-year-old client. Counsel emphasized Phelps's employment and his embrace of sex-offender treatment. Counsel also noted Phelps "moved back in with his parents to distance himself" from peers who were a bad influence. In his allocution, Phelps apologized for his actions and discussed seeking professional help to overcome his "inappropriate sexual thoughts." To that end, the defense presented reports from therapist David Greenwood, who found Phelps was a "low moderate risk" to reoffend sexually online with minors. Greenwood believed Phelps would be a good candidate for outpatient sex-offender therapy.

The State disagreed that Phelps could be "safely supervised in the community." The prosecutor pointed to the presentence investigation report that recommended incarceration. From there, the prosecutor lobbied the court to

impose consecutive five-year terms on the seven distribution counts (thirty-five years), concurrent five-year terms on the seven transmission counts (five years), and consecutive two-year terms on the two possession counts (four years). The prosecutor asked the court to run those terms back to back for a total indeterminate sentence of forty-four years.

The district court accepted the State's sentencing recommendation. Phelps now appeals.[1]

## II.    Scope and Standards of Review

We review sentencing challenges for correction of legal error. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Because Phelps's sentence falls within statutory limits, it is "cloaked with a strong presumption in its favor." *Id.* We will reverse only if the district court abused its discretion in picking the punishment, or if the sentencing hearing was defective. *Damme*, 944 N.W.2d at 103. Under this standard of review, we do not "second guess" the selected sentence. *Id.* at 106. Rather, we verify the court did not rely on untenable or unreasonable grounds. *Id.* Because of the discretionary nature of sentencing, we afford wide latitude to the district court. *State v. Fetner*, 959 N.W.2d 129, 133 (Iowa 2021).

## III.    Analysis

When imposing the sentence, the district court told Phelps:

> I have read Dr. Greenwood's evaluation and his updated report, and this Court knows Dr. Greenwood to be an excellent provider. This Court cannot ignore the extensive nature of the—of the actions of this defendant regarding child pornography.

---

[1] Phelps satisfies the "good cause" requirement in Iowa Code section 814.6(1)(a)(3) by challenging his sentence rather than his guilty plea. *See State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020).

You distributed child pornography, you possessed it, and you transmitted it over a course of years. This Court must protect the community. That is a factor. And based on the information that—all the information I've been provided, I don't think a suspended sentence is appropriate in this case and that prison is warranted.

Viewing those statements, Phelps claims the court "failed to seriously consider any factors other than the nature of the offense in reaching its sentence." He insists, "The fact that the court superficially referred to the other statutory factors, without more, is little better than oral boilerplate and cannot serve as a basis for finding the court gave serious consideration to the minimal essential factors."

No doubt, the district court highlighted Phelps's extensive involvement with child pornography. But it did not do so without weighing other relevant sentencing factors. *See* Iowa Code § 901.5 (requiring courts to consider all pertinent information in selecting sentencing option that provides "maximum opportunity for the rehabilitation of the defendant, and for the protection of the community"); *see also id.* § 907.5(1). For instance, the court studied Greenwood's evaluation that included Phelps's mental-health and substance-abuse history and treatment options. But the court viewed the timing and the volume of Phelps's sex offenses as more important. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) (recognizing "right of the individual judge to actually balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard").

Contrary to Phelps's argument, the court did more than give lip service to mitigating factors. It acknowledged Phelps's age and his lack of a prior criminal record. Likewise, the court confirmed its consideration of his employment and family circumstances, as well as his mental-health history. Granted, the court did

not discuss these factors at any great length, but that terse treatment does not signal an abuse of discretion. *See State v. Russian*, 441 N.W.2d 374, 375 (Iowa 1989). In communicating its rationale for rejecting probation, the court permissibly focused on "the extreme nature of these offenses, the extreme length of time, [and the] extreme amount of child pornography possessed and exchanged." We are confident on this record that the court evaluated the panoply of factors and reached an allowable sentence. We decline to disturb the court's exercise of discretion.

**AFFIRMED.**