# IN THE COURT OF APPEALS OF IOWA

No. 22-0931
Filed May 24, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RYAN ISAAC MASCHMANN,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Henry County, Joshua P. Schier,

Judge.

A defendant appeals his suspended sentence for theft in the first degree.

**AFFIRMED.**

Ronald W. Kepford, Winterset, for appellant.

Brenna Bird, Attorney General, and Thomas E. Bakke, Assistant Attorney

General, for appellee.

Considered by Bower, C.J., and Tabor and Greer, JJ.

**TABOR, Judge.**

After pleading guilty to first-degree theft, Ryan Maschmann asked for a deferred judgment. Instead, the district court imposed a suspended ten-year sentence, with five years of probation. Maschmann appeals, contending the court failed to state its reason for imposing that sentence. Finding the court complied with Iowa Rule of Criminal Procedure 2.23(3)(d), we affirm.[1]

Nineteen-year-old Maschmann and several codefendants met the victim at an archery range in Mount Pleasant. Pointing guns at the victim, they took his shoes, pants, and cash. The State charged Maschmann with first-degree robbery.[2] In an agreement with the State, Maschmann pleaded guilty to first-degree theft. He told the presentence investigator that he fell in with "the wrong crowd." The presentence investigation (PSI) report recommended a suspended sentence with programming at a residential facility.

At the sentencing hearing, the State urged the court to adopt the PSI recommendation. By contrast, Maschmann's attorney lobbied for a deferred judgment. He said Maschmann was a good candidate because he had a steady job, stable housing, and had started High School Equivalency Test classes to earn his high school diploma. Defense counsel acknowledged it was a "serious offense" but pointed to his client's age and lack of criminal history, as well as the "significant jail time" he served pretrial.

---

[1] We review sentencing claims for correction of legal error. *State v. Wilbourn*, 974 N.W.2d 58, 65 (Iowa 2022). Because he is challenging a discretionary sentence, Maschmann has good cause to appeal. *See id.* at 66.

[2] The trial information also included charges of second-degree robbery, criminal mischief, and third-degree burglary for acts against a different victim.

The court went with the PSI recommendation, believing it would "provide maximum opportunity" for Maschmann's rehabilitation, while also protecting the community from further offenses by him and others.[3]  True, the court recited a somewhat generic list of considerations, without offering any insight into how those factors drove its exercise of discretion:

> The [c]ourt has specifically considered the following factors.  Your age, your prior criminal record, your employment, your family circumstances, the nature of the offense committed and the harm to the victim, whether a weapon or force was used in the commission of the offense, your need for rehabilitation and your potential for rehabilitation, the plea agreement and all the factors set out in the PSI.  The [c]ourt has also taken into consideration the recommended sentence of the State, the defense, and the Department of Correctional Services.

Our supreme court has warned that "boilerplate language, standing alone, is insufficient to satisfy Iowa Rule of Criminal Procedure 2.23(3)(d)."  *State v. Thacker*, 862 N.W.2d 402, 410 (Iowa 2015).  But here we have a little more.  The court explained that greater structure would improve Maschmann's chances at successful rehabilitation:

> I am going to sentence you to complete the residential facility program.  As was stated by your attorney, you already have a job, you have a place that you may go to when you complete the program, so you have a leg up and you have a chance to successfully complete the program in good time, but I think you will benefit from the supervision once you are released from jail.

The court had discretion to grant a deferred judgment.  *See* Iowa Code § 907.3 (2022) (providing court "may" grant a deferred judgment).  But it was not an abuse of discretion to decline that option after considering the relevant factors.

---

[3] At the same hearing, the court sentenced Maschmann for two other convictions: third-degree criminal mischief and first-offense operating while intoxicated.  The court ran all three sentences concurrently.

Maschmann complains that the court "flatly failed" to mention several mitigating factors. But sentencing courts are not required to "specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). Nor are they required to give reasons for rejecting a more lenient option. *See State v. Russian*, 441 N.W.2d 374, 375 (Iowa 1989).

Because the court gave a reason—even if succinct—for choosing the probationary sentence, we affirm.

**AFFIRMED.**