# IN THE COURT OF APPEALS OF IOWA

No. 22-2040
Filed February 7, 2024

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**RANDY LYNN BARNES,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Polk County, Coleman McAllister, Judge.


　　A criminal defendant appeals his sentence following conviction for eleven burglary-related offenses. **AFFIRMED.**


　　Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

　　Brenna Bird, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.


　　Considered by Greer, P.J., and Ahlers and Buller, JJ.

**BULLER, Judge.**

Randy Lynn Barnes appeals from the sentence entered following guilty pleas to nine counts of burglary in the third degree, class "D" felonies in violation of Iowa Code section 713.6A(1) (2021); one count of possessing burglar's tools, an aggravated misdemeanor in violation of Iowa Code section 713.7; and one count of attempted burglary in the third degree, an aggravated misdemeanor in violation of Iowa Code section 713.6B(1).  The facts of conviction are not at issue.  The short version is that Barnes repeatedly broke into Polk County bars and stole cash, he tried to enter a business after-hours by breaking the door while in possession of a crowbar, and he broke into an unoccupied garage and stole personal property.

The State recommended a prison term of forty-nine years, arguing the need to protect the community given Barnes's decades-long criminal history.  The presentence investigation (PSI) report considered placement at a treatment facility but recommended prison in light of Barnes's criminal history, his failure to rehabilitate, and his elevated scores on risk-assessment tools.  Barnes's attorney acknowledged his lengthy criminal history and opportunities to rehabilitate but urged the burglaries were not violent and he could succeed if placed in treatment on probation.  In allocution, Barnes told the court about recent deaths in the family and said he "fell off the deep end" before committing the burglaries.

The district court sentenced Barnes following a lengthy explanation of its reasoning.  The court first considered whether Barnes was "a good candidate for probation," noting the position of trust he had earned at the jail, his "host of criminal convictions" spanning more than thirty years, and his need for structured

treatment. The court found probation was not appropriate, largely based on Barnes's "pretty poor track record," including that he committed these burglaries while on probation for another offense, and the danger he posed to the public if not confined. The court then considered what length of prison term was appropriate and, in part due to Barnes's acceptance of responsibility by pleading guilty, imposed a combination of consecutive and concurrent counts totaling twenty-five years in prison.

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). To show an abuse of discretion, a defendant bears the burden to affirmatively show that the district court relied on improper factors or clearly untenable grounds. *State v. Sailer*, 587 N.W.2d 756, 759, 762 (Iowa 1998).

Barnes complains that the district court, in casting its choice as one between probation and prison, did not specifically consider probation with "special terms and conditions." But probation with "special terms and conditions" is a form of probation, which the district court expressly considered. And in any event, a sentencing court need not "give its reasons for rejecting particular sentencing options"—it "need only explain its reasons for selecting the sentence imposed." *State v. Russian*, 441 N.W.2d 374, 375 (Iowa 1989). The district court fulfilled that requirement here.

**AFFIRMED.**