# IN THE COURT OF APPEALS OF IOWA

No. 23-0551
Filed February 7, 2024

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**BRANDON LEE LYMAN,**
       Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark R. Fowler, Judge.

The defendant appeals his sentence following his convictions for second-degree burglary, two counts of willful injury causing bodily injury, and second-degree attempted burglary. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General; Kyle Hanson (until withdrawal), Nicholas E. Siefert, and Anagha Dixit, Assistant Attorneys General; and Braden Bennett, Student Legal Intern, for appellee.

Considered by Bower, C.J., and Greer and Chicchelly, JJ.

**GREER, Judge.**

Brandon Lyman challenges the sentence imposed following his guilty plea[1] to second-degree burglary, a class "C" felony, in violation of Iowa Code section 713.5(2); two counts of willful injury causing bodily injury, class "D" felonies, in violation of section 708.4(2); and second-degree attempted burglary, a class "D" felony, in violation of section 713.6(2), in December 2022. Both the willful-injury-causing-bodily-injury and second-degree-attempted-burglary convictions were enhanced as an habitual offender pursuant to Iowa Code sections 902.8 and 902.9(1)(c).[2] The district court sentenced Lyman to terms of incarceration not to exceed ten years on the second-degree-burglary conviction and fifteen years on each of the convictions for willful injury causing bodily injury and second-degree attempted burglary.[3] The fifteen-year sentences were to run concurrently to each other but consecutive to the ten-year sentence for a total term of imprisonment of twenty-five years. Lyman appeals, arguing that the sentencing court abused its

---

[1] Although Lyman pled guilty, because he is challenging the sentence imposed and not the guilty plea, he has good cause for appeal. *See* Iowa Code § 814.6(1)(a)(3) (2021) (granting the right of appeal "where the defendant establishes good cause"); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea.").

[2] Lyman had three previous felony convictions in cases FECR020343, FECR044337, and FECR050853.

[3] The habitual offender enhancement requires the imposition of a fifteen-year sentence with a three-year minimum. *See* Iowa Code §§ 902.8 ("A person sentenced as an habitual offender shall not be eligible for parole until the person has served the minimum sentence of confinement of three years."), 902.9(1)(c) ("An habitual offender shall be confined for no more than fifteen years.").

discretion by only focusing on Lyman's criminal history and imposing incarceration.[4]

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). To show an abuse of discretion, a defendant bears the burden to affirmatively show that the district court relied on improper factors or clearly untenable grounds. *State v. Sailer*, 587 N.W.2d 756, 759, 762 (Iowa 1998). "The test for whether a sentencing court abused its discretion is not whether we might have weighed the various factors differently." *State v. Gordon*, 998 N.W.2d 859, 863 (Iowa 2023). Instead, a ground is untenable if it is based on an erroneous application of law. *See Willard v. State*, 893 N.W.2d 52, 58 (Iowa 2017). "[M]ere disagreement with the sentence imposed, without more, is insufficient to establish an abuse of discretion." *State v. Pena*, No. 15-0988, 2016 WL 1133807, at *1 (Iowa Ct. App. Mar. 23, 2016).

---

[4] In a motion in arrest of judgment filed in February 2023, Lyman also argued that the court should not enter judgment on his guilty plea because he believed that he was "improperly excluded from drug court consideration." According to the presentence investigation (PSI) report, the drug court staff screened Lyman for acceptance into the drug court program before his sentencing and rejected his admission. The district court denied the motion in March 2023 stating that it did so "because of the nature of the charges involved." The denial of the drug court option was referenced in Lyman's brief with mention of the State violating the terms of the plea agreement, but it was not developed by any argument, so we decline to consider it. *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) (declining to undertake research and advocacy where appellant's arguments were underdeveloped). We also note the plea agreement makes no reference to drug court.

"The societal goals of sentencing are to provide maximum opportunity to rehabilitate the defendant and to protect the community." *Damme*, 944 N.W.2d at 106. "A sentencing court weighs multiple factors, 'including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform,'" which encompass mitigating factors as well as aggravating. *Id.* (quoting *Formaro*, 638 N.W.2d at 725). Under the plea agreement, the parties agreed it was "open for the court to decide whether [Lyman should] be immediately incarcerated or placed on probation." Accordingly, at the December 2022 sentencing hearing, the State requested a term of incarceration; Lyman requested supervised probation with required participation in drug and mental-health treatment.

At the plea hearing, Lyman confirmed he broke into an apartment without permission, assaulted the occupants with an object, and then attempted to enter a second apartment in the same complex to commit a theft and assault. With those facts at hand and the details from a PSI report, the court began by noting "it's my duty under the law to review what's available to me in terms of community resources, an appropriate rehabilitative plan for you, and to consider what's in the best interest of the public, especially protecting the public." From there, the court stated that it considered "the seriousness of the crime, the effect that this crime has upon members of the community, your willingness to accept change and treatment, if necessary, and what is available in this community to assist you in that process." Then, it added,

> In looking at your [PSI] report some things struck me. One was your criminal history, which is significant. It was also noted . . . [that you have] "struggled on probation or parole supervision for most of [your]

adult life . . . ." Quite frankly, that kind of history doesn't leave me with many options. In fact, I don't feel it leaves me any option but incarceration.

In its sentencing order, the court did not list any additional factors. The PSI report noted that Lyman had probation or parole revoked at least six times during his adult life, and the preparer of the report recommended incarceration.

Lyman asserts that because the court only mentioned his criminal history, it abused its discretion. But the character and propensity of the offender, the effect on the community, and the chances of reform and treatment are proper factors for the court to consider. *See Formaro*, 638 N.W.2d at 725. The court considered these factors, and, furthermore, the court need not "give its reasons for rejecting particular sentencing options"—it "need only explain its reasons for selecting the sentence imposed." *State v. Russian*, 441 N.W.2d 374, 375 (Iowa 1989); *see also State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) (stating the sentencing court is not "required to specifically acknowledge each claim of mitigation urged by a defendant").

Here, the court explained its reasons for imposing a term of incarceration and rejecting probation. The court considered that Lyman had multiple previous terms of probation and parole, six of which had been revoked, and that his involvement in the criminal justice system had not deterred him from committing the crimes for which he was being sentenced. The court also considered the impact of the crime on those involved and the resources available in the community for rehabilitation. Plus, the court factored in that Lyman was being sentenced as an habitual offender and the PSI evaluator recommended incarceration. *See State v. Hopkins*, 860 N.W.2d 550, 557 (Iowa 2015) (stating that the PSI report

sentencing "recommendation is a factor that could influence the sentencing decision"). Lyman has not pointed to any improper factor or erroneous application of the law here. Rather, he argues that he would have preferred probation; without more, that claim is insufficient to establish an abuse of discretion. Finding no abuse of the court's discretion, we affirm.

**AFFIRMED.**