# IN THE COURT OF APPEALS OF IOWA

No. 22-1674
Filed April 24, 2024

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**D'IONA ASIA MARIE WILSON-BASS,**
  Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer, Judge.

D'iona Wilson-Bass appeals the revocation of her probation and the sentence imposed. **AFFIRMED.**

Stuart G. Hoover, East Dubuque, Illinois, for appellant.

Brenna Bird, Attorney General, and Aaron Rogers and Kyle Hanson (until withdrawal), Assistant Attorneys General, for appellee.

Considered by Tabor, P.J., Badding, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**DANILSON, Senior Judge.**

D'iona Wilson-Bass appeals the revocation of her deferred judgment and the sentence imposed. Upon our review, we affirm.

## I.    *Facts and Prior Proceedings*

Wilson-Bass pled guilty to intimidation with a dangerous weapon after admitting that she "having the intent to injure or provoke fear or anger in another, discharge[d] a handgun, within an assembly of people, thereby placing others in reasonable apprehension of serious injury." The court then granted Wilson-Bass a deferred judgment and placed her on probation. The order for deferred judgment explained, "Upon violation of the terms of probation, the court will enter a judgment of guilt and sentence" her.

Wilson-Bass violated the terms of her probation two months later when she tested positive for methamphetamine. The court did not revoke probation but did place her in the Swift, Certain, and Fair Program. Wilson-Bass did not complete drug testing ordered by the Swift program—again violating her probation. In response, the court kept Wilson-Bass on probation but imposed a contempt sanction. A couple of weeks later, Wilson-Bass again violated her probation by again failing to complete drug testing and failing to meet with her probation officer. In response, the court modified Wilson-Bass's probation and placed her at Pathways Residential Treatment center. Wilson-Bass walked out of Pathways the day after she arrived. The court again modified Wilson-Bass's probation and ordered her placement at the Waterloo Women's Center for Change. Within days, Wilson-Bass left the center, refusing to comply with the center's rules, and did not

return—resulting in an April 4, 2022 report of violation. In response, the State charged Wilson-Bass with voluntary absence, and Wilson-Bass pled guilty.

The court held a joint hearing to address Wilson-Bass's April 4 probation violations and sentencing for the voluntary absence conviction. At the hearing, the State provided testimony from Wilson-Bass's probation officer, who detailed Wilson-Bass's historical inability to comply with the terms of her probation. The court then explained to Wilson-Bass, "we're not here just for one probation violation. You had probation violations," and detailed her past failures to comply with various programs and services. The court then revoked the deferred judgment, adjudicated Wilson-Bass guilty of intimidation with a dangerous weapon, and imposed a term of incarceration not to exceed ten years with no mandatory minimum. The court imposed a 180-day sentence on the voluntary absence conviction to run consecutively.

Wilson-Bass appeals. She claims the court improperly believed "it was convened for the purposes of not only the April 4th report of violation but also for prior probation violations."

## II. Standard of Review

"We will overturn a revocation of probation only if there has been an abuse of discretion." *State v. Thompson*, 951 N.W.2d 1, 4 (Iowa 2020) (citation omitted). When an imposed sentence is within the statutory limits, we likewise review for an abuse of discretion. *State v. Majors*, 940 N.W.2d 372, 385 (Iowa 2020). "Sentencing decisions of the district court are cloaked with a strong presumption in their favor." *Id.* at 385–86 (citation omitted). "An abuse of discretion occurs when the court exercises its discretion on grounds or for reasons that are clearly

untenable or unreasonable." *State v. Covel*, 925 N.W.2d 183, 187 (Iowa 2019). "However, it is the defendant's burden to affirmatively demonstrate that the sentencing court relied on an improper factor." *State v. Canady*, ___ N.W.3d ___, ___, 2024 WL 1221420, at *10 (Iowa 2024).

### III.    Discussion

Wilson-Bass's claim is two-fold: that the district court improperly considered her past probation violations (1) when adjudicating the probation revocation and (2) when imposing sentence following revocation of the deferred judgment of probation.

#### A.    Adjudication of the probation revocation

We begin by addressing the adjudication of the probation revocation. At the outset and contrary to Wilson-Bass's assertions, nothing in the record establishes that the district court believed it was tasked with adjudicating anything more than the April 4 report of violation. Its references to prior violations were made only to consider what services or programs Wilson-Bass already tried unsuccessfully.

"The district court has broad discretion in determining whether probation should be continued or revoked." *Covel*, 925 N.W.2d at 188. Revocation proceedings are a two-step process. *Id.* at 187. First, the court determines "whether the person has acted in violation of one or more conditions of his or her probation." *Id.* If so, then the court determines "whether the person should be committed to prison or whether the court should take other steps to protect society and improve changes of rehabilitation." *Id.*

Wilson-Bass admitted to committing two probation violations identified in the April 4 report of violations "by being voluntarily absent from the facility and by

failing to follow the rules and regulations at the facility," satisfying the first step. That left the court with the task of determining whether Wilson-Bass should continue with probation with or without an alteration of the conditions of probation; hold Wilson-Bass in contempt of court; order Wilson-Bass to a violator facility while continuing probation; extend her probation; or because she was granted a deferred judgment, impose any sentence that may have been originally imposed. *See* Iowa Code § 908.11(4) (2022).

When making that determination, the court properly considered Wilson-Bass's past experiences and performance with different probation programing to decide what would best serve her and the community. *See State v. Sims*, No. 19-0316, 2020 WL 1879706, at *1 (Iowa Ct. App. Apr. 15, 2020) (concluding the court properly considered a defendant's conduct following a prior revocation hearing); *cf.* Iowa Code § 907.5 (identifying factors for the district court to consider when determining whether to defer judgment). This helped inform the court what conditions and services Wilson-Bass would likely respond to and comply with by identifying what has not worked. Given the fact that Wilson-Bass had already failed to comply with multiple alternatives to revocation, the record does not reflect that the court acted arbitrarily, capriciously, or without adequate information. *See State v. Hughes*, 200 N.W.2d 559,562 (Iowa 1972) (recognizing that our decisions clearly indicate "that probation cannot be revoked arbitrarily, capriciously, or without any information"). We conclude that the court did not abuse its discretion when it decided to revoke probation and impose judgment.

*B.      Sentencing*

We move on to the second component of Wilson-Bass's claim, that the district court abused its discretion during sentencing because it erroneously considered her prior probation violations and failed to consider mitigating factors. "[I]t is the defendant's burden to affirmatively demonstrate that the sentencing court relied on an improper factor." *Canady*, ___ N.W.3d at ___, 2024 WL 1221420, at *10. Wilson-Bass cannot satisfy this burden. No factor relied on by the district court amounted to an improper factor. The court considered Wilson-Bass's young age and her substance-abuse and mental-health needs—permissible sentencing factors and indicia that the district court exercised individualized sentencing discretion. And the court properly considered her past failures at community supervision in a variety of settings. Doing so aided the court in selecting a sentence that would "provide maximum opportunity for the rehabilitation of [Wilson-Bass], and for the protection of the community from further offenses by [Wilson-Bass] and others." *See* Iowa Code § 901.5. We understand that Wilson-Bass implies that the court abused its discretion by failing to consider all pertinent sentencing factors, specifically her role as a mother and the death of her own mother. We acknowledge the significance of her child and the loss of a parent; however, the court was not required to discuss or reference the mitigating factors it considered. Instead it "need only explain its reasons for selecting the sentence imposed." *State v. Russian*, 441 N.W.2d 374, 375 (Iowa 1989). Because we find nothing improper in the court's sentencing rationale, we do not disturb it.

**AFFIRMED.**