**STATE of Iowa, Appellee,**

v.

**Blane Dermont PHILLIPS, Jr., Appellant.**

No. 95–1791.

Supreme Court of Iowa.

March 26, 1997.

Ronald L. Ricklefs, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, and Denver D. Dillard, County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

Defendant Blane Dermont Phillips, Jr., challenges the sentence imposed by the district court following his plea of guilty to a charge of third-degree sexual abuse in violation of Iowa Code section 709.4(2)(c)(4) (1993), *as amended by* 1994 Iowa Acts chapter 1128, section 1. Because we find no reversible error, we affirm.

I. *Background facts and proceedings.* The incident leading to the sexual abuse charge took place during an overnight camping trip near Bertram, Iowa, in July 1994. While on the trip with his daughter and several of her friends, including the victim, defendant Phillips purchased some alcoholic wine coolers in a nearby town. The victim, a fourteen-year-old girl, later drank some of the wine coolers, became ill, and either passed out or fell asleep at the campsite. According to the victim, she awoke during the early hours of the next day to find Phillips having sexual intercourse with her.

Phillips was arrested and charged with third-degree sexual abuse, a class "C" felony. He entered an *Alford* guilty plea,[1] claiming that he had been intoxicated during the incident and could not remember what had occurred. Pursuant to a plea agreement, Phillips' plea was based on the ages of the victim and offender, *see* Iowa Code § 709.4(2)(c)(4), rather than on the forcible element of the statute, *see id.* § 709.4(1).[2] Thus, the of-

---

1. A defendant may make a voluntary and intelligent decision to plead guilty to an offense without admitting participation in the crime. *North Carolina v. Alford,* 400 U.S. 25, 32–38, 91 S.Ct. 160, 164–68, 27 L.Ed.2d 162, 168–72 (1970); *State v. Heinen,* 252 N.W.2d 454, 455 (Iowa 1977). In the process, the defendant admits the State could prove a factual basis for the essential elements of the crime. *See Farley v. Glanton,* 280 N.W.2d 411, 416 (Iowa 1979) (emphasizing that an *Alford* plea requires the establishment of

a factual basis supporting the State's ability to prove the offense).

2. Iowa Code § 709.4 provides in relevant part:

A person commits sexual abuse in the third degree when the person performs a sex act under any of the following circumstances:
1. The act is done by force or against the will of the other participant, whether or not the other participant is the person's spouse or is cohabiting with the person.

fense to which Phillips pled guilty was not a forcible felony. *See id.* § 702.11. The State agreed that it would make no recommendation at the time of sentencing. The trial court accepted defendant Phillips' guilty plea, ordered a presentence investigation by the judicial district department of correctional services, and set a sentencing date. *See id.* § 901.2.

After the presentence investigation was completed, the investigator submitted a report recommending that defendant Phillips be sentenced to ten years in prison. That recommendation was based in part on the investigator's conclusion that Phillips' offense was "a violent act against a fourteen year old victim." The report did not include an assessment of Phillips' potential as a candidate for community service as provided in Iowa Code section 901.3(6), but stated that "[i]f [Phillips is] granted probation, the assigned probation officer will screen the defendant to determine his appropriateness for a community service program referral." The report included written victim impact statements by the victim and her parents.

On the day before the sentencing hearing, defendant Phillips filed a written motion to strike portions of the presentence investigation report and recommendation, arguing that the report invited the trial court to consider illegal and inappropriate matters in making its sentencing decision and that the report failed to submit information required by Iowa Code section 901.3(6). Phillips pointed out that the investigator viewed Phillips' act as a violent one even though Phillips had pled guilty to a non-forcible felony.

At the sentencing hearing, the trial court refused to strike the presentence investigation report and recommendation. However, the court noted that the recommendation was based on an impermissible factor (the investigator's conclusion, contrary to the plea agreement, that Phillips' offense constituted a violent act) and stated that it would not consider the recommendation contained in

the presentence investigation report. Phillips' counsel then stated that he knew of no other reason why Phillips' sentencing could not proceed. The court made no specific ruling on Phillips' previous written claim that the presentence investigation report failed to include information required by statute.

Later in the sentencing hearing, the trial court allowed the victim's father to make an in-court oral statement. In expressing his anguish over his daughter's experience, the father referred to "sexual predators" and asserted that defendant Phillips had "fed those children alcohol." Although Phillips' counsel raised an objection concerning the constitutionality of allowing the oral statement without prior notice to the defendant, he did not object to the substance of that statement.

The trial court entered judgment of conviction and sentenced defendant Phillips to an indeterminate prison term not to exceed ten years pursuant to Iowa Code sections 709.4(2)(c) and 902.9(3).

Phillips appealed from that sentence.

II. *Standard of review.* Our review is for correction of errors at law. Iowa R.App. P. 4; *State v. Thomas,* 547 N.W.2d 223, 225 (Iowa 1996). A sentence imposed by the trial court will be overturned only for an abuse of discretion. *Thomas,* 547 N.W.2d at 225.

> Sentencing decisions of the trial court are cloaked with a strong presumption in their favor, and an abuse of discretion will not be found unless the defendant shows that such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable.

*State v. Loyd,* 530 N.W.2d 708, 713 (Iowa 1995).

III. *Validity of sentence imposed.* Defendant Phillips asserts that the sentence imposed by the trial court should be vacated and the matter remanded for resentencing.

---

2. The act is between persons who are not at the time cohabiting as husband and wife and if any of the following are true:

. . . .

c. The other participant is fourteen or fifteen years of age and any of the following are true:

. . . .

(4) The person is five or more years older than the other participant.

He identifies three ways in which he claims the trial court's sentencing procedure was flawed: (1) the trial court erred in not requiring the presentence investigation report from the judicial district department of correctional services to include, in accordance with Iowa Code section 901.3(6), an evaluation of Phillips' potential as a candidate for community service; (2) the trial court should not have allowed the victim's father to give an oral statement at the sentencing hearing without notice to Phillips; and (3) the trial court improperly considered an unproven offense in making its sentencing decision. We address Phillips' arguments in that order.

### A. Compliance with Iowa Code section 901.3(6).

1. Iowa Code section 901.3 provides in relevant part:

If a presentence investigation is ordered by the court, the investigator shall promptly inquire into all of the following:

1. The defendant's characteristics, family and financial circumstances, needs, and potentialities, including the presence of any previously diagnosed mental disorder.

2. The defendant's criminal record and social history.

3. The circumstances of the offense.

4. The time the defendant has been in detention.

5. The harm to the victim, the victim's immediate family, and the community. Additionally, the presentence investigator shall provide a victim impact statement form to each victim, if one has not already been provided, and shall file the completed statement or statements with the presentence investigation report.

6. *The defendant's potential as a candidate for the community service sentence program established pursuant to section 907.13.*

(Emphasis added.) The presentence investigation report in this case failed to address defendant Phillips' potential as a candidate for community service, as required by section 901.3(6). Instead, the report indicated that such an evaluation would be performed in the event that the trial court sentenced Phillips to probation. According to Phillips, this omission left the trial court without information pertinent to sentencing and thus necessitates vacation of the sentence and resentencing.

2. As a threshold matter, the State contends that defendant Phillips failed to preserve error on the issue of compliance with Iowa Code section 901.3(6). Although Phillips raised the issue in his written motion to strike portions of the presentence report, the trial court did not specifically rule on this point, and Phillips did not request such a ruling at the sentencing hearing. Furthermore, Phillips' counsel told the court there was no reason why it could not proceed with sentencing. However, because the public, as well as the defendant, has an interest in accurate sentencing information, we have refused to regard a defendant's inaction at sentencing as a waiver of error. *See State v. Squires*, 545 N.W.2d 557, 559 (Iowa 1996) (holding that defendant need not object at sentencing in order to preserve error regarding the trial court's failure to order a substance abuse evaluation under Iowa Code sections 321J.2(2)(c) and 321J.3(1)). Accordingly, we believe it is appropriate to address the merits of Phillips' claim.

3. The record shows that the trial court had sufficient information on which to base its sentencing decision. The State points out that the real decision in this case was whether to incarcerate Phillips or place him on probation. If the court concluded that probation was appropriate, it then would have to decide whether to impose a community service requirement as a condition of probation. In making its sentencing determination, the court had available and considered information relevant to whether it should incarcerate Phillips or place him on probation: the presentence investigation report (albeit lacking the community service assessment), additional reports and statements, and the testimony of several witnesses at the sentencing hearing concerning Phillips' alcoholism problem and treatment. We do not believe that the lack of formal information regarding one factor out of the six enumerated in Iowa Code section 901.3 renders the sentencing procedure deficient under the facts in this case,

especially since the court had the benefit of substantially equivalent information.

We conclude that in this case the lack of a community service evaluation in the presentence investigation report does not warrant vacation of sentence and resentencing.

B. *Oral statement by victim's father at sentencing hearing.*

■ 1. At the sentencing hearing, Phillips' counsel objected to the trial court's allowance of the victim's father's oral statement. We note that Iowa Code chapter 901 provides statutory authority for allowing such a statement. Section 901.2 provides in part:

Upon a plea of guilty, a verdict of guilty, or a special verdict upon which a judgment of conviction of a public offense may be rendered, the court shall receive from the state, from the judicial district department of correctional services, and from the defendant any information which may be offered which is relevant to the question of sentencing. *The court may consider information from other sources.*

(Emphasis added.) In addition, section 901.5 provides in part:

After receiving and examining *all pertinent information,* including the presentence investigation report and victim impact statements, if any, the court shall consider the . . . sentencing options.

(Emphasis added.)[3] We believe that "information from other sources" and "all pertinent information" encompass and authorize the oral statement made by the victim's father at the sentencing hearing. Moreover, Phillips points to no violation of a specific constitutional provision; the oral statement merely repeated information contained in written material already provided to both the court and defendant Phillips, who was present with counsel at the hearing.

■ 2. Although defendant Phillips did not object to the substance of the victim's father's remarks, he now argues on appeal that the trial court improperly relied on the oral statement, specifically the references to "sexual predators" and to Phillips' providing alcohol to the victim, in sentencing Phillips. However, the record contains other evidence that Phillips supplied the alcohol consumed by the victim and that he engaged in a sex act with the victim. There is no indication that the trial court gave added weight to the victim's father's references.

In giving its reasons for the sentence imposed on Phillips, the trial court pointed to the following:

The nature of the offense, the victim's age and vulnerability, a sentence other than confinement depreciates the seriousness of the crime, the [d]efendant's need for rehabilitation, the [d]efendant's need for sex offender treatment and sobriety, and the sentence will hopefully hold the [d]efendant accountable and act as a deterrent for future offenses by this [d]efendant and others.

We discern no reliance on improper factors here, and thus conclude that the trial court did not err in allowing the oral statement by the victim's father.

■ C. *Consideration of an unproven offense in sentencing Phillips.* Defendant Phillips maintains that the victim's father's oral statement at the sentencing hearing led the trial court to rely on unproven offenses, such as providing alcoholic beverages to a minor, *see* Iowa Code § 123.47, and the forcible felony sexual abuse offense defined in Iowa Code section 709.4(1). We do not agree. As discussed in Division III–B, there is no indication that the trial court relied on any improper factors in reaching its sentencing decision. We find no error here.

IV. *Disposition.* We have considered other arguments raised by the defendant and find no merit in them. We affirm the sen-

---

3. The legislature has amended Iowa Code § 901A.5 to expressly permit oral statements by victims at the sentencing hearing in the presence of the defendant. *See* 1996 Iowa Acts ch. 1111, § 5 (codified at Iowa Code § 910A.5(1)(b) (1997)). Such amendment was not in effect when defendant Phillips was sentenced.

Iowa Code § 910A.1(1) (1993) defines a "victim" to include an immediate family member of a victim who was under age eighteen at the time of the offense.

tence imposed on defendant Phillips by the trial court.

**AFFIRMED.**