# IN THE COURT OF APPEALS OF IOWA

No. 20-1318
Filed July 21, 2021

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**MICHAEL T. REICKS,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Clinton County, Mark R. Lawson, Judge.

　　　A defendant challenges his consecutive sentences for two counts of sexual abuse in the third degree. **AFFIRMED.**

　　　Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

　　　Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

　　　Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**TABOR, Judge.**

What can be cathartic for crime victims may be fraught for sentencing courts. Case in point: Michael Reicks pleaded guilty to two counts of sexual abuse in the third degree.[1] The district court sentenced him to an indeterminate ten-year prison term for each count to be served consecutively. Reicks now contends the court considered impermissible factors from the victim impact statements and abused its discretion by imposing consecutive terms. Because the court averred it was not considering any uncharged offenses mentioned by the victims before imposing the sentence, we will not presume otherwise. Finding a proper exercise of discretion, we affirm the indeterminate twenty-year sentence.

This prosecution started with a trial information charging Reicks with two counts of third-degree sexual abuse, class "C" felonies, for performing sex acts with a child who was age twelve or thirteen between September 2014 and May 2015. The State enhanced his current offenses to class "A" felonies under Iowa Code chapter 901A (2014) based on a prior sexual abuse conviction in 1994. Later, the State dismissed that enhancement in return for Reicks's guilty pleas to both counts.

At sentencing, the defense asked the district court to run the terms concurrently. In support, defense counsel pointed to Reicks's "slim prior criminal record," noting his only other conviction dated back twenty-five years. By contrast, the State argued for consecutive sentencing. The prosecutor advanced these

---

[1] Reicks satisfies the "good cause" requirement in Iowa Code section 814.6(1)(a)(3) (2020) because he challenges his sentence rather than his guilty plea. *See State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020).

three reasons: (1) Reicks's prior sexual abuse conviction; (2) his lack of remorse identified by the presentence investigation (PSI) report;[2] and (3) the deterrence for sexual abusers if they know they face cumulative punishment.

Key to this appeal, the child victim and her mother both delivered impact statements. *See* Iowa Code § 915.10(3) (defining victims as including immediate family members of person who suffered physical, emotional, or financial harm as the result of public offense). The child told the court Reicks repeatedly forced her to engage in sex acts. The mother directed her comments to Reicks: "[Y]ou and I both know she's not the only victim and she wouldn't be the last if you were let out. She wasn't the first; she won't be the last." The mother then urged the court to "make him serve . . . consecutively, because he's going to do this again."

Not missing a beat, the court responded to the mother's comments:

> All right, thank you. Just for the record, I will say [the mother] is certainly entitled to say what she wants to say. She's made some allegations here. I want to make it clear for the record that I am not considering any unproven allegations in deciding what to do here. We are not allowed to do that. I appreciate your comments, but I can't take into consideration any unproven conduct.

From there, the court announced that it would impose "back to back" terms, largely for the reasons the State listed. The court focused on Reicks's "utter lack of remorse" shown by the PSI. The court expounded: "It's clear to me that you do not recognize the gravity of the conduct or the effect on the victim."

Then the court addressed the number of his offenses, reflecting

---

[2] When the PSI investigator asked Reicks to describe his criminal behavior, he responded: "What criminal behavior. I don't have any criminal behavior." He expressed that his conviction was unfair and accused the State of using a crime twenty-five years in his past to make him "look guilty this time."

[T]his was not an isolated mistake in judgment. This was a situation where we had at least two offenses. I'm limited to two, so that's what I say you have. You have two offenses that you pled guilty to, and they apparently occurred over a period of time since the allegation was they occurred between September 2014 and May of 2015. So those are the reasons for my order for consecutive sentences in this case.

On appeal, Reicks argues this passage reveals the court's reliance on "unproven and unacknowledged allegations made during the victim impact statements." *See State v. Black*, 324 N.W.2d 313, 315 (Iowa 1982) (remanding for resentencing because the court relied on unprosecuted offenses not admitted by defendant). The State disputes that reading, suggesting "at least two offenses" may have referred to his past conviction. Plus, the State highlights the court's vow not to consider unproven offenses.

In weighing those positions, we review the sentencing procedure for an abuse of discretion. *State v. Lovell*, 857 N.W.2d 241, 242–43 (Iowa 2014). Because we presume the district court properly exercised its discretion, Reicks must make "an affirmative showing" the court relied on improper evidence. *See State v. Sailer*, 587 N.W.2d 756, 762 (Iowa 1998). If the court determined the sentence based on an improper factor, even as a secondary consideration, resentencing is required. *Lovell*, 857 N.W.2d at 243.

Beyond our standard of review, we appreciate the sentencing court's overlapping obligations to allow crime victims to deliver impact statements under Iowa Code section 915.21; yet having heard those statements, not to consider unproven offenses recounted by the victims. Given this overlap, we recognize exposure to claims of unproven offenses does not mean the court exercises reflexive reliance on them. Indeed,

> [I]t is essential to the purpose of the victim impact statement that the victim be given an opportunity to fully convey the impact a crime has had. Although this may at times result in the airing of allegations which are unproven, we trust that our district courts, when weighing such statements as part of the sentencing determination, will filter out improper or irrelevant evidence.

*Sailer*, 587 N.W.2d at 764. That filtering occurred at Reicks's sentencing. The court thanked the victims for their impact statements but declared it would not consider any unproven allegations. We take the court's statement at face value. Nothing in its later recitation of reasons belied that declaration. After saying Reicks committed "at least two offenses," the court reiterated that its sentencing discretion was limited to the two crimes admitted in his guilty pleas. Reicks has not shown the district court relied on improper factors in reaching its sentencing decision. *See State v. Phillips*, 561 N.W.2d 355, 359 (Iowa 1997).

On the broader abuse-of-discretion argument, we find the court offered sufficient reasons for imposing consecutive sentences. *See State v. Hill*, 878 N.W.2d 269, 274 (Iowa 2016) (discussing Iowa Rule of Criminal Procedure 2.23(3)(d)). Those reasons confirm the court weighed appropriate factors. For example, the court expressed concern Reicks was a recidivist sexual offender, while recognizing his earlier conviction occurred many years ago. What is more, in exercising its discretion, the court was free to focus on Reicks's failure to appreciate the consequences of his actions. *See State v. Knight*, 701 N.W.2d 83, 88 (Iowa 2005) (holding lack of remorse was "highly pertinent" to defendant's need for rehabilitation and chances of reform). Finding no abuse of discretion, we affirm Reicks's sentence.

**AFFIRMED.**