# IN THE COURT OF APPEALS OF IOWA

No. 21-0572
Filed June 15, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANTHONY GOMEZ,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Wapello County, Crystal S. Cronk,

Judge.


Anthony Gomez appeals the imposition of consecutive sentences following

resentencing. **AFFIRMED.**


Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant

Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee.


Considered by May, P.J., Greer, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**DOYLE, Senior Judge.**

Anthony Gomez appeals the imposition of consecutive sentences on his convictions of third-degree sex abuse and willful injury causing bodily injury after a remand and resentencing.[1] He contends the district court (1) abused its discretion by overlooking mitigating circumstances and (2) erred by sentencing him without the required information in the presentence investigation report (PSI).

But before reaching the issues on appeal, we must first determine jurisdiction. Gomez filed his notice of appeal pro se while he was represented by counsel, violating Iowa Code section 814.6A (2021) ("A defendant who is currently represented by counsel shall not file any pro se document . . . in any Iowa court."). After trial counsel withdrew, the district court appointed new counsel to represent Gomez on appeal. By the time his new attorney filed an appearance, the deadline for appeal had passed. Appellate counsel thus filed a notice of appeal and applied for a delayed appeal. The supreme court ordered the parties to brief whether

---

[1] A jury found Gomez guilty of these charges, as well as charges of domestic abuse assault by impeding breathing, domestic abuse assault causing bodily injury, and third-degree theft. On direct appeal, this court reversed the domestic-abuse-assault convictions after finding Gomez's trial counsel rendered ineffective assistance by failing to request a jury instruction defining the final element of each charge. *See State v. Gomez*, No. 18-0685, 2019 WL 1752668, at *8 (Iowa Ct. App. Apr. 17, 2019). We also vacated Gomez's sentence in part after finding the record insufficient to allow review of the court's decision to impose consecutive sentences on the sexual-abuse and willful-injury charges. *Id.* We remanded for a new trial on the domestic-abuse-assault charges and asked the district court to determine whether the sexual-abuse and willful-injury sentences should run consecutively or concurrently, stating its reasons on the record. *Id.* On remand, the State dismissed the domestic-abuse-assault charges. The district court again imposed consecutive sentences on Gomez's convictions of sexual abuse and willful injury.

Gomez's pro se notice of appeal gives us jurisdiction over this appeal, and if not, whether we should grant the application for a delayed appeal.

After the supreme court ordered briefing on the jurisdictional question, it decided *State v. Davis*, 969 N.W.2d 783 (Iowa 2022), which addressed "whether [a] timely pro se notice of appeal accompanied by counsel's untimely notice of appeal [i]s sufficient to invoke . . . appellate jurisdiction." *Davis*, 969 N.W.2d at 784. The court held it proper to grant a delayed appeal under those circumstances. *Id.* at 787-88. The State concedes "*Davis* involved a materially identical set of circumstances for purposes of the jurisdictional question," and it does not resist Gomez's application for a delayed appeal. We therefore grant Gomez's application for a delayed appeal.

Turning to the sentencing challenge, our review is for correction of errors at law. *See State v. Wilbourn*, ___ N.W.2d ___, ___, 2022 WL 1434531, at *6 (Iowa 2022). For sentences falling within the statutory limits, we reverse if the district court has abused its discretion in imposing sentence. *See id.* "An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* (citation omitted).

Gomez first contends the court abused its discretion by overlooking mitigating circumstances in imposing consecutive sentences on his convictions of sexual abuse and willful injury. He submitted exhibits at the sentencing hearing of showing his participation in voluntary programs during his two years in prison and argues they show his attempts to better himself and ensure he becomes a productive member of society. Other exhibits he submitted include a letter of

recommendation from the teacher of his interpersonal communications course and a sex offender risk assessment showing he is a low risk to reoffend. He argues this evidence shows consecutive sentences are unnecessary.

In imposing sentence, the district court first noted that it looked at the exhibits Gomez submitted at the hearing. It also considered the objectives of sentencing, as well as Gomez's age, prior record, employment, and family circumstances. Ultimately, the court gave the most weight to "the separate and serious nature of the offenses":

> These offenses were very violent. You have a conviction in your criminal history for domestic violence, for violating no-contact orders, for alcohol-related offenses, theft, driving offenses. It tells me that you were not able to follow the rules in a lot of areas. It's not just that one thing that you were having some trouble with. You have those prior convictions in those other areas as well.
> The harm to the victim in this case was severe, the extreme violence that was shown towards the victim. You have these convictions. I think it's appropriate that your sentences are to run consecutively.
> I don't know what else, you know, to point out to you in your PSI and in the file and in your background, but everything just indicates that consecutive sentences are the appropriate thing to do in your case, and that is going to be the order of the court that they shall run consecutively.

We find no abuse of discretion. The violent nature of the events that led to Gomez's sexual-assault and willful-injury convictions are described in the 2019 decision affirming those convictions:

> Gomez began hitting M.M. in the head and face multiple times with his fists. M.M. fell to the ground, upon which Gomez began strangling her. M.M. began to lose consciousness. Gomez eventually discontinued strangling M.M., upon which he told M.M. to bend over and not move. Gomez then pulled down M.M.'s leggings and commenced anal intercourse with her. M.M. advised Gomez in prior discussions that anal intercourse was "not an interest of" hers.
> After Gomez finished, he continued attacking M.M. M.M. blacked out, but she made it outside of the home at some point and

made contact with a neighbor. Law enforcement was ultimately contacted and M.M. was transported to the hospital. M.M. did not immediately report the sexual assault to police officers, but she did report it to medical personnel at the hospital, where she was examined and a rape kit was administered. A small tear to M.M.'s anus was discovered. Photographs taken of M.M. depict facial injuries including a bloody nose and swollen eyes; bruising to the face, neck, body, legs, and arms; and some scratches and abrasions to various areas. M.M. also suffered oral injuries, due to the presence of braces in her mouth. She developed a black eye and was diagnosed with a concussion.

*Gomez*, 2019 WL 1752668, at *1. The sentencing court cited a range of permissible factors that it considered in sentencing Gomez. It exercised its discretion permissibly by giving greater weight to the nature of Gomez's offenses than to the remedial measures he took while incarcerated after the fact.

The second issue Gomez raises on appeal concerns the PSI. After remand, Gomez requested an updated PSI and asked specifically for a recommendation on whether the sentences should run consecutively or concurrently. The court issued an order for a new PSI, including a sentencing recommendation. A three-page addendum to the prior PSI issued.[2] Gomez complains that he was not interviewed for the addendum and it contains no information on the classes he took during his incarceration. He also complains that the addendum's sentencing recommendation is "essentially identical" to the original PSI and fails to address whether the sentences should run consecutively or concurrently.

A PSI provides pertinent information to aid the district court in sentencing the defendant. *See State v. Grandberry*, 619 N.W.2d 399, 402 (Iowa 2000). But

---

[2] The addendum states that "per district policy," a new PSI cannot be filed under the same case number and thus an addendum was completed with sentencing recommendations.

there is no requirement to order a new PSI for the purpose of resentencing. *See State v. Hopkins*, 860 N.W.2d 550, 556 (Iowa 2015). If the court does order a PSI, it may consider any portion of it that is unchallenged by the defendant. *See Grandberry*, 619 N.W.at 402 (Iowa 2000). Because Gomez never challenged the PSI below, the district court could consider it in sentencing him. Furthermore, there is no need to vacate Gomez's sentence because the information he complains was missing in the PSI—the information about his participation in voluntary classes and therapy while in prison—was provided by Gomez and considered by the court. *See State v. Phillips*, 561 N.W.2d 355, 358-59 (Iowa 1997) (holding that when the court orders a PSI, the failure of the PSI to include information about one category of information required by statute does not render the sentencing procedure deficient to require vacating the sentence and resentencing, "especially since the court had the benefit of substantially equivalent information" from other sources).

Because the district court exercised its discretion in sentencing Gomez to consecutive sentences, we affirm.

**AFFIRMED.**