# IN THE COURT OF APPEALS OF IOWA

No. 22-1130
Filed February 22, 2023

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**MATTHEW LUKE HEIM,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Linda Fangman, Judge.

Matthew Heim appeals his sentence for third-degree sexual abuse and possession of a controlled substance, third or subsequent offense. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Ella M. Newell, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**VAITHESWARAN, Presiding Judge.**

Matthew Heim pled guilty to third-degree sexual abuse of a fifteen-year-old girl and possession of a controlled substance, third or subsequent offense. The district court imposed sentence.

Heim appeals his sentence. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (construing Iowa Code section 814.6, which prohibits appeals of most convictions following guilty pleas, to permit challenges to most sentences following the pleas). He contends the district court (1) considered an unproven offense in imposing sentence and (2) failed to consider mitigating factors.

"A district court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the defendant committed the offense, or (2) the defendant admits it." *State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001) (citing *State v. Gonzalez*, 582 N.W.2d 515, 516 (Iowa 1998)). Heim argues the district court "improperly relied upon [the teen's] unproven allegation that the sexual interaction between [them] was forcible in nature and in so doing misconstrued the nature of the offense and [his] risk level to the community." He relies on the following portion of the court's statement of reasons:

> I am considering the nature of this offense. That goes along with your age as well. Mr. Heim, you are a thirty-five-year-old man who *preyed* on a fifteen-year-old. You are twenty years older than her. There is no other description other than a *predator*. I can't imagine why a thirty-five-year-old man is interacting with a fifteen-year-old, period, other than to *prey* upon them.

(Emphasis added). In his view, the district court's use of the terms "prey" and "predator" and the court's later repetition of the word "prey" in speaking directly to the teen impermissibly reference the teen's "unproven allegation of force."

The teen used the word "predator" in her written victim impact statement, and the sentencing court adopted that term in describing the nature of the offense. But the court did not mention the "force" alternative of third-degree sexual abuse. *See* Iowa Code § 709.4(1)(a) (2022). Nor did the court mention those portions of the minutes of testimony that mentiond force. *See Gonzalez*, 582 N.W.2d at 517 ("The sentencing court should only consider those facts contained in the minutes that are admitted to or otherwise established as true." (quoting *State v. Black*, 324 N.W.2d 313, 316 (Iowa 1982))); *State v. Phillips*, 561 N.W.2d 355, 359 (Iowa 1997) (finding "no indication that the trial court relied on" oral statements from the victim's father concerning unproven offenses of providing alcohol to a minor and a forcible felony sexual abuse offense); *see also State v. Davis*, No. 16-0189*,* 2016 WL 6396006, at *4 (Iowa Ct. App. Oct. 26, 2016) (concluding the sentencing court's use of the word "coerced" did not reflect reliance on an unprosecuted charge where the dismissed charge of third-degree sexual abuse was not based on the "force" alternative but on an age-of-the-child alternative).

Heim nonetheless argues "[t]he Iowa Code exclusively uses the word 'predator' in the context of 'sexually violent predator'" and Heim was not "adjudicated as a sexually violent predator." *See* Iowa Code ch. 229A (titled "Commitment of Sexually Violent Predators"). But even if the term legally has come to be associated with the "sexually violent predator" statute, the district court used the term in its commonly understood sense. *See, e.g.*, *Predator*, Oxford

Learner's Dictionaries, https://www.oxfordlearnersdictionaries.com/us/definition/ american_english/predator (last visited Jan. 27, 2023) (defining predator as "a person or an organization that uses weaker people for their own advantage"); *Predator*, Merriam-Webster, https://www.merriam-webster.com/dictionary/predator (last visited Jan. 27, 2023) (defining predator as "one who injures or exploits others for personal gain or profit").[1]

The same holds true for the court's use of the word "prey." *See Prey*, Collins Dictionary, https://www.collinsdictionary.com/us/dictionary/english/prey (last visited Jan. 27, 2023) (describing the intransitive verb form of prey as follows: "If someone *preys on* other people, especially people who are unable to protect themselves, they take advantage of them or harm them in some way."); *see also State v. McGhee*, No. 19-0344, 2020 WL 2488191, at *2 (Iowa Ct. App. May 13, 2020) (concluding sentencing court's statement that the child was "repeatedly abused" was not a reference to unproven offenses where all three crimes with which the defendant was convicted involved abuse in the generic sense). There was nothing to suggest that, by using the word, the court intended to harken back to the use-of-force references in the minutes of testimony. *See State v. Guise*, 921 N.W.2d 26, 30 (Iowa 2018) ("'The fact that the sentencing judge was merely aware of the uncharged offense is not sufficient to overcome the presumption that his discretion was properly exercised.' To overcome the presumption 'there must be an affirmative showing that the trial judge relied on the uncharged offenses.'" (citations omitted)); *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002) ("We will

---

[1] The commonly understood definitions referring to animals who kill and eat other animals are clearly inapplicable.

not draw an inference of improper sentencing considerations which are not apparent from the record.").

We conclude the sentencing court did not rely on uproven offenses in sentencing Heim.

Heim next asserts the sentencing court did not consider mitigating circumstances. He argues the court "failed to state that it had reviewed the content of" the presentence investigation report documenting those circumstances "and would consider the report for purposes of sentencing." To the contrary, the court noted that "a presentence investigation and report was ordered"; asked the prosecutor and defense attorney whether they had any additions or corrections to the report; asked defense counsel whether he reviewed the report with his client; obtained confirmation from Heim that he had no additions or corrections to the report; and stated the court would "not be considering any past juvenile history" mentioned in the report. The court's refusal to consider that history, notwithstanding its authority to do so, inured to Heim's benefit. *See* Iowa Code § 232.55(2)(a) (permitting consideration of juvenile record following conviction for offenses other than a simple or serious misdemeanor); *State v. Boldon*, 954 N.W.2d 62, 73 (Iowa 2021) ("Iowa Code provides that courts may consider juvenile adjudications and dispositions in sentencing for felonies and aggravated misdemeanors.")), *declined to follow on other grounds in State v. Patten*, 981 N.W.2d 126 (Iowa 2022). While the court did not recount Heim's troubled family history as Heim now contends it should have, the court had no obligation to "specifically acknowledge each claim of mitigation." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995); *see also State v. Wilbourn*, 974 N.W.2d 58, 67 (Iowa

6

2022) ("[D]istrict courts are not obligated 'to give [their] reasons for rejecting particular sentencing options.'" (quoting *State v. Russian*, 441 N.W.2d 374, 375 (Iowa 1989))). We conclude the district court's statement of reasons for imposition of the sentence did not reflect an abuse of its discretion.

We affirm Heim's sentence.

**AFFIRMED.**