# IN THE COURT OF APPEALS OF IOWA

No. 23-1545
Filed January 9, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**WILLIAM DAVID HUTCHINSON,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Sac County, Adria Kester, Judge.


    A defendant appeals his sentence for third-degree sexual abuse.

**AFFIRMED.**


    Leah Patton of Patton Legal Services, LLC, Ames, for appellant.

    Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney

General, for appellee.


    Considered by Greer, P.J., Chicchelly, J., and Vogel, S.J.*

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2025).

**VOGEL, Senior Judge.**

In March 2023, William Hutchinson pleaded guilty to third-degree sexual abuse, a class "C" felony.  *See* Iowa Code § 709.4(1)(b)(3)(d) (2021).  The district court later sentenced him to an indeterminate term of incarceration not to exceed ten years.  The court also imposed the minimum fine of $1370 and a fifteen percent surcharge.  Hutchinson appeals this sentence, arguing the court (1) improperly considered unproven offenses mentioned within the victim impact statement, (2) placed insufficient weight on mitigating factors when choosing to impose the prison sentence, and (3) should have suspended the minimum fine and surcharge.  For the following reasons, we affirm.

## I.  Victim Impact Statement.

Prior to sentencing, the victim of Hutchinson's sexual abuse drafted an impact statement.  *See* Iowa Code § 915.21(1)(a).  She wrote,

> William is no different than the other people that hurt me.  He was on meth.  He took advantage of me.  He was a lot older than me, but he tried to make me think what he did to me was okay.  I was only 13 or 14.  He was an adult and should have known better and that what he was doing was wrong.
> What he did still affects me.  I still have trouble sleeping and I had nightmares for a long time.  I need to [take] all kinds of medications to sleep at night.  I was terrified.  I still worry about people watching me.  I don't feel safe around men.
> Where I came from until now, I am a lot stronger.  I know I'm going places, and I'll be better off than this Defendant.

During the sentencing hearing, the court briefly acknowledged this statement, telling Hutchinson, "You've had an opportunity to read her victim impact statement, so I'm not going to go through it with you, but considerably caused a lot of harm to the victim in this case that will be ongoing."

On appeal, Hutchinson argues the victim's statement improperly referenced unproven offenses.[1] He asserts the line "William is no different than the other people that hurt me" invokes unproven allegations against other members of the victim's family, which were detailed in the minutes of testimony. According to Hutchinson, because sentencing courts may not consider any unproven allegations, he is therefore entitled to a new sentencing hearing.

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We extend "sentencing judges a significant amount of latitude because of the discretionary nature of judging and the source of respect afforded by the appellate process." *State v. McCollaugh*, 5 N.W.3d 620, 627 (Iowa 2024) (cleaned up). Consistent with this high bar, defendants who allege the sentencing court considered an improper factor must "show that the court was not just merely aware of the factor, but that it relied on the factor in determining its sentence." *Id.*

A victim impact statement "provides an important avenue of closure for the victim while providing information to the sentencing court about the consequences

---

[1] The State disputes error preservation, arguing Hutchinson had notice of the victim's statement, including through the PSI, and never objected. Yet Hutchinson's challenge does not turn on the accuracy of the PSI, but instead disputes the legality of his sentence because he asserts it stemmed from an improper sentencing consideration. This is the kind of challenge that falls outside of our normal error-preservation requirements. *See State v. Chawech*, __ N.W.3d __, ___, 2024 WL 5178629, at *5 (Iowa 2024); *see also State v. Schooley*, 13 N.W.3d 608, 618 (Iowa 2024) ("A failure to object at sentencing does not foreclose a defendant from arguing that the district court abused its discretion by considering unproven conduct in reaching a sentence.").

of the defendant's criminal behavior." *State v. Schooley*, 13 N.W.3d 608, 616 (Iowa 2024). The permissible scope of a victim's statement is broad, *see* Iowa Code § 915.21(2)(a)–(e), with the goal of giving the victim "an opportunity to fully convey the impact a crime has had." *State v. Sailer*, 587 N.W.2d 756, 764 (Iowa 1998). Given that breadth, our supreme court has recognized that this "may at times result in the airing of allegations which are unproven." *Id.* Still, sentencing courts must generally refrain from "consider[ing] unproven or unprosecuted offenses in fashioning a defendant's sentence," *Schooley*, 13 N.W.3d at 616 (citation omitted), and we trust sentencing courts, "when weighing such statements as part of the sentencing determination, will filter out improper or irrelevant evidence." *Sailer*, 587 N.W.2d at 764.

Here, Hutchinson cannot show the sentencing court relied on his disputed portion of the victim's statement. When discussing the statement, the court only referenced the ongoing harm Hutchinson personally caused the victim. Hutchinson acknowledges this narrow discussion of the victim's statement but argues the court needed to go further and affirmatively disclaimed any errant portions of the statement. Not so. *See McCollaugh*, 5 N.W.3d at 628 (affirming sentence because defendant could not show sentencing court considered improper evidence, noting "the district court explicitly delineated the reasons for the sentence and never mentioned the comment made by the prosecutor during the sentencing hearing"); *State v. Phillips*, 561 N.W.2d 355, 359 (Iowa 1997) (affirming sentence because there was "no indication that the trial court relied on" statements accusing the defendant of other crimes); *State v. Ashley*, 462 N.W.2d 279, 282 (Iowa 1990) ("The fact that the sentencing judge was merely aware of the

uncharged offense is not sufficient to overcome the presumption that his discretion was properly exercised."); *see also Formaro*, 638 N.W.2d at 725 ("We will not draw an inference of improper sentencing considerations which are not apparent from the record."). Finding no evidence the court relied on Hutchinson's disputed portion of the victim impact statement, the sentencing court did not abuse its discretion.

## II. Incarceration.

Hutchinson next argues the sentencing court erred when it declined to suspend the term of imprisonment and impose probation. In support, Hutchinson lists the various mitigating factors he believes should have tipped the scales toward probation. Yet "[t]he right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard." *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983). Unless a sentencing court exercises its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable," we will not interfere with the court's core duty of balancing all relevant factors to appropriately tailor a sentence. *Id.* (citation omitted). Hutchinson has not met this high standard, as the sentencing court discussed many factors that reasonably counseled against probation—he has prior offenses, he has received lesser punishments such as fines and probation before, he was already on probation when he committed this offense, the nature of the offense, and the considerable harm to his victim. Thus, the sentencing court did not abuse its discretion when it chose to impose a sentence of incarceration rather than grant Hutchinson probation.

### III. Minimum Fine and Surcharge.

Finally, Hutchinson argues the court should have elected to suspend the minimum fine and surcharge, and further failed to explain on the record why it rejected that lesser sanction. Yet Hutchinson concedes that the $1370 fine is within the permissible statutory range. *See* Iowa Code § 902.9(1)(d). So too is the surcharge. *See id.* § 911.1(1). Nothing in the record suggests the court was unaware of its discretion to suspend the fine. *See State v. Lee*, 561 N.W.2d 353, 354 (Iowa 1997) (explaining resentencing is required when a sentencing court "erroneously believes it has no discretion"). Although Hutchinson believes his limited financial resources should have cut in favor of suspending these sums, that disagreement alone is not enough to show an abuse of discretion. *See Wright*, 340 N.W.2d at 593.

Neither did the sentencing court err in explaining Hutchinson's sentence. Although courts must "state on the record the basis for the sentence imposed," *see* Iowa R. Crim. P. 2.23(2)(g), that rule does not require the court "to give its reasons for rejecting particular sentencing options." *State v. Wilbourn*, 974 N.W.2d 58, 67 (Iowa 2022) (citation omitted). During the hearing, the court thoroughly explained its rationale for imposing Hutchinson's sentence—emphasizing aggravating factors, mitigating factors, the nature of Hutchinson's offense, and the need to protect the community. No further explanation was required. Finding no abuse of discretion when imposing the fine and accompanying surcharge, we affirm.

**AFFIRMED.**