**IN THE COURT OF APPEALS OF IOWA**

No. 24-2012
Filed November 13, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MACKENZIE MARIE HERRON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Guthrie County, Michael Jacobsen,

Judge.

        A defendant appeals the sentence following her guilty plea to child

endangerment resulting in bodily injury.  **AFFIRMED.**

        Sonia Elossais of Carr Law Firm, P.L.C., Des Moines, for appellant.

        Brenna Bird, Attorney General, and Nicholas Siefert, Assistant Attorney

General, for appellee.

        Considered without oral argument by Schumacher, P.J., and Badding and

Langholz, JJ.

**BADDING, Judge.**

While operating an in-home daycare, Mackenzie Herron flipped a four-month-old infant onto her back during "tummy time," slamming her onto a wooden floor with enough force to fracture the infant's skull. Herron pled guilty to a reduced charge of child endangerment resulting in bodily injury under an open-sentencing plea agreement with the State. At the sentencing hearing, the State advocated for a term of imprisonment, while Herron requested a suspended sentence and probation—consistent with the recommendation in the presentence investigation report. The district court sentenced Herron to an indeterminate term of incarceration not to exceed five years.

On appeal, Herron claims the district court abused its discretion by imposing a term of imprisonment.[1] She argues the court: (1) failed to provide specific reasons for not granting her a deferred judgment; (2) placed undue emphasis on the nature of the offense; and (3) improperly considered uncharged conduct mentioned in a victim impact statement.

Sentencing decisions that fall within statutory limits, as this one does, are "cloaked with a strong presumption in their favor." *State v. McCalley*, 972 N.W.2d 672, 676 (Iowa 2022) (cleaned up). "We will not reverse a sentence unless there is 'an abuse of discretion or some defect in the sentencing procedure.'" *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020) (citation omitted). "A district court

---

[1] Although Herron pled guilty, she challenges the sentence imposed by the district court—one to which she did not agree. Accordingly, she has established good cause for this court to consider her appeal under Iowa Code section 814.6(1)(a)(3) (2024). *See State v. Hightower*, 8 N.W.3d 527, 534 (Iowa 2024) (finding good cause when a defendant challenges a sentence that was neither mandatory nor agreed upon).

abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *State v. Duffield*, 16 N.W.3d 298, 302 (Iowa 2025) (citation omitted). We find no abuse of discretion here.

To start, we question the premise of Herron's first argument—that the district court "did not give specific reasons for denying a deferred judgment." Even though Herron's written sentencing memorandum requested either a deferred judgment or a suspended sentence, defense counsel only advocated for the latter option at the sentencing hearing. In any event, while Iowa Rule of Criminal Procedure 2.23(3)(g) requires the court to "state on the record the basis for the sentence imposed," the court is not required "to give its reasons for rejecting particular sentencing options." *State v. Russian*, 441 N.W.2d 374, 375 (Iowa 1989); *accord State v. Wilbourn*, 974 N.W.2d 58, 67 (Iowa 2022).

The district court complied with its obligation to state the basis for its sentencing decision and did not, as Herron complains, simply recite a "boilerplate list of factors and evidence." *Cf. State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (rejecting "a boilerplate-language approach that does not show why a particular sentence was imposed in a particular case" but noting "a terse and succinct statement may be sufficient" (cleaned up)). Instead, the court crafted an individualized sentence, explaining to Herron:

> I must consider . . . what the appropriate sentence might be, depending upon the defendant's age, her lack of prior criminal record, her employment circumstances, her family circumstances, and any steps that she's taken since the time that she entered her plea of guilty in this case. The court is also required to consider recommendations contained in this presentence and plea agreement in this case. The plea agreement, in this case, does not contemplate a specific sentence. It was a reduction in charge. The presentence investigation, for the record, recommends probation for the

> defendant. It also notes that she would be eligible for a deferred judgment, which the Court is not considering.
>
> Finally, the Court must consider what sentence to impose considering in the light of the protection of the community from further offenses by the defendant and deter her and other persons in her position from committing a similar offense in the future. . . . [T]he Court must also consider what sentence will provide maximum opportunity for rehabilitation, including—including her need for treatment.
>
> The Court has listened to the victim impact statements today and has also listened to the testimony presented by Ms. Herron and also her statement that she made. The Court has reviewed the presentence investigation, including . . . the victim impact statement[s]. The medical records that were also included.

The medical records included the infant's follow-up care for her skull fracture, along with Herron's mental-health treatment for anxiety and depression.

After setting out those considerations, the court gave these reasons for selecting a term of imprisonment:

> Ms. Herron, your mental health doesn't excuse anything you did. This was an obvious intentional act by you, resulting in quite serious injuries to a child, a very young child. . . .
> . . . .
> . . . The Court has considered probation in this case. The presentence investigation recommends probation. You've requested probation. The State has not. This is a very serious crime, and it was intentional on your part to a very young child. Because of the seriousness of this offense, the Court is not going to suspend the sentence.

Herron takes issue with the district court's failure to "elaborate further upon any aggravating or mitigating factors contained therein," noting among other things that she "has no criminal history," "was raised in a tight knit family," "is in a stable marriage with a supportive spouse," and has young children at home. But the court did address some of those factors—even though it was not required to—noting Herron's "lack of prior criminal history" and "her family circumstances." *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) (stating that while a sentencing

court "has a duty to consider all the circumstances of a particular case," it is not "required to specifically acknowledge each claim of mitigation urged by a defendant"). As for Herron's complaint that the court was "hyper focused on the nature of the offense," deciding what weight to give individual sentencing factors is an inherent part of the district court's discretion. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) (finding no abuse of discretion where the sentencing court gave greater weight to the seriousness of the offense than other relevant factors).

Lastly, Herron contends the district court improperly considered "uncharged and unproven conduct" in a victim impact statement from the child's mother. To overcome the strong presumption in favor of the sentencing decision, "there must be an affirmative showing the court relied on improper evidence." *State v. Sailer*, 587 N.W.2d 756, 762 (Iowa 1998) (cleaned up). "This is a heavy burden." *State v. Schooley*, 13 N.W.3d 608, 619 (Iowa 2024). It is not enough that a victim impact statement merely references uncharged or unproven conduct. *See State v. Phillips*, 561 N.W.2d 355, 359 (Iowa 1997) (upholding a sentence where the victim impact statements referenced unproven offenses, but there was no showing the court relied on those statements). And that is all that is present here.

In her victim impact statement, the child's mother stated: "We should have seen some red flags prior to this incident, such as bruising we asked about." Other than noting that it had "listened to the victim impact statements," the district court did not mention this statement from the mother. "We generally rely on district courts to know what they can and cannot consider from a victim-impact statement." *Schooley*, 13 N.W.3d at 619. And we trust that the courts, as they allow victims to

6

fully convey the impact a crime has had on them, "will filter out improper or irrelevant evidence." *Id.* (quoting *Sailer*, 587 N.W.2d at 764). Without an affirmative showing otherwise, we decline to infer that the court relied on uncharged conduct in selecting the sentence here.

Having found no abuse of the district court's discretion, we affirm Herron's sentence.

**AFFIRMED.**